FOSTER *v.* BAYOU METO DRAINAGE DISTRICT.

KENTARK LAND & TIMBER COMPANY *v.* BAYOU METO
DRAINAGE DISTRICT.

Opinion delivered January 28, 1918.

DRAINAGE DISTRICTS—ASSESSMENTS—RIGHT OF APPEAL.—Under the act of 1909, page 829, as amended by the act of 1913, page 738, providing the formation of drainage districts, a land owner may test the correctness of the assessment of his property by an appeal, taken within the time prescribed, whether he has actually appeared prior to that time or not.

Appeal from Lonoke Circuit Court; *T. C. Trimble,* Judge; reversed.

*Charles A. Walls,* for appellants.

All the land owners were parties to the suit. No written complaint was necessary and the right to appeal is absolute under the Act. Kirby's Digest, § 1487; Acts 1913, 738; 34 Ark. 240; 51 *Id.* 159; 77 *Id.* 586; 95 *Id.* 385; 117 *Id.* 4; 91 *Id.* 81; 90 *Id.* 219; 117 *Id.* 292; 126 *Id.* 211; 122 *Id.* 255, etc. See also, 43 Ark. 33; 35 *Id.* 298; 100 *Id.* 496; 101 *Id.* 106.

*Geo. M. Chapline* and *W. P. Beard,* for appellee.

Appellants failed to comply with the Act. No complaint was filed and appellants did not make themselves parties to the record and hence there could be no appeal. Kirby's Digest, § 5976; 71 Ark. 84. See also 52 Ark. 502; 90 *Id.* 195; 100 Md. 381; 112 Pac. 234; 93 *Id.* 28.

McCULLOCH, C. J.   A drainage district designated as Bayou Meto Drainage District No. 1 of Lonoke County, Arkansas, was duly organized by an order of the county court of Lonoke County, embracing a large area which included lands of each of the appellants Foster and Kentark Land & Timber Company.   Each of said parties appealed to the circuit court of Lonoke County from the order and judgment of the county court confirming the assessment of benefits made by the commissioners.   The circuit court dismissed each of the appeals on motion of the commissioners of the district and appeals have been prosecuted to this court.

Learned counsel for appellees defend the ruling of the court on the ground that appellants did not make themselves parties to the record in the county court by appearing and filing a written complaint against the correctness of the assessment.   The contention is that under the statute an owner of land assessed must appear and make himself a party by filing a written complaint before he can appeal from the court's action in confirming the assessment.   The proceedings were conducted pursuant to Act

No. 279 of the session of 1909 (Acts of 1909, p. 829) as amended by the Act of March 13, 1913, (Acts of 1913, p. 738) popularly known as the "alternative system" of forming drainage districts. The validity of this particular organization was upheld in the recent case of *Jones* v. *Fletcher*, 132 Ark. 328. The statute provides that the organization shall be affected by an order of the county court made after notice to land owners and that any owner of real estate within the district may appeal from the order within twenty days after the same has been rendered. It provides further that after the formation of the plans for the improvement the commissioners shall assess the benefits to the property in the district and file the assessment list with the county clerk, and that the clerk shall give notice thereof by publication in a newspaper. The amendatory act of 1913 contains the following provision with respect to the proceedings in the county court at the hearing and confirmation of the report of the commissioners and appeals therefrom:

"Any owner of real property within the district who conceives himself to be aggrieved by the assessment of benefits or damages or deems that the assessment of any land in the district is inadequate, shall present his complaint to the county court at the first regular, adjourned or special session, held more than ten days after the publication of said notice; and the said court shall consider the same and enter its findings thereon, either confirming such assessment or increasing or diminishing the same; and its finding shall have the force and effect of a judgment, from which an appeal may be taken within twenty days, either by the property owners or by the commissioners of the district."

It was clearly the purpose of the law-makers to treat each property owner as a party to the record so far as it affected the assessment on his property, and to give him the right of appeal at any time within twenty days after the final order of the court confirming the assessment. It is true that the statute gives each property

owner the right to appear in the county court and make his complaint and have a hearing thereon by the court. This does not mean necessarily a written complaint, but the word "complaint" is used as meaning objections, which may be made orally. But whether the land owner appears or not he is given the right, as an aggrieved party, to take an appeal to the circuit court within twenty days.

There is a clause in Section 9 of the Act of 1909, which reads as follows:

"The remedy against such assessment of taxes shall be by appeal, and such appeal must be taken within twenty days from the time that said assessment has been made by the county court, and on such appeal the presumption shall be in favor of the legality of the tax."

The provision just quoted emphasizes the view that the intention was to give the land owner the right to test the correctness of the assessment of his property by an appeal taken within the time prescribed whether he has actually appeared prior to that time or not. He has no other remedy for relief against an excessive assessment of benefits except by appeal from the order of confirmation. This view of the matter is strengthened by the fact that the section conferring the right of appeal authorizes the county court to increase or diminish the amount of assessments. The statute contains no provision for special notice of an increase of assessments by order of the county court; therefore, unless the property owner is given the right to take an appeal within twenty days, the result would be that his assessment might be increased without an opportunity being given him for a correction.

A consideration of the whole statute convinces us that it gives the right of appeal and that the circuit court erred in dismissing the appeals. The judgment of dismissal in each case is reversed and the cause remanded with directions to overrule the motion and proceed with the hearing of the appeal.