### ZACHRY et al. v. CITY OF UVALDE.
#### (No. 8314.)

Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1929.

Rehearing Denied Feb. 19, 1930.

Atlas Jones, of San Antonio, for appellants. Will Glover, of Uvalde, for appellee.

FLY, C. J. Appellee sought to recover, and did recover, of appellants, taxes in the sum of $227.50, together with interest and penalties, the whole sum being $268.38 and costs, with a foreclosure of a lien on certain land in the city of Uvalde. The judgment was based

on the verdict of a jury instructed by the court. Appellants admitted owing taxes in the sum of $175.50, which they claimed to have tendered to appellee, but the tender was not accepted.

The appeal seems to be based largely on the claim that the board of equalization placed an excessive valuation on the land, and appellants, in effect, admit the regularity of all other proceedings as well as the statement of a case by the petition when they tendered a less sum than was claimed by appellee. The special exceptions were hypercritical and were properly overruled. The petition stated a good cause of action, and propositions 1 and 2 are overruled.

The board of equalization was a legal body, and its valuation of appellants' property was final and conclusive and could only be attacked directly through the adjudication of a court possessed with power to inquire into the justice of the increase in valuation.

The suit was for delinquent taxes, and the only defenses to a suit for the collection of delinquent taxes are:

"1. That the defendant was not the owner of the land * * *

"2. That the taxes sued for have been paid, or

"3. That the taxes sued for are in excess of the limit allowed by law, but this defense shall apply only to such excess." Rev. Stats. art. 7329.

Neither of these defenses was offered by appellants. The article cited has been held valid. City of Rising Star v. Dill (Tex. Civ. App.) 259 S. W. 652, affirmed by the Supreme Court 269 S. W. 769.

It was admitted by appellants that the property was rendered for taxation in 1927, at a valuation of $6,000, and, when notified that the board of equalization would seek to raise the valuation, appellants' attorney inquired of J. H. Zachry, one of the appellants, as to the true value of the land, and was informed that it should be valued at $15,000 or $16,000. The board placed the value at $17,500. The taxes were properly levied through an ordinance passed in 1927, which was copied into the minutes of the city council by the secretary and identified by him. It was properly admitted in evidence.

It was not error to place in evidence any portion of the answer of appellants. If they thought any other part should have been placed in evidence, they could have presented it as evidence.

The evidence showed a legal assessment and equalization, a levy of taxes, and all other requirements of the law, and, as there was no legal defense offered to the suit, the court properly instructed a verdict for appellee. Appellants had, by admitting a large portion of the debt, admitted everything had been properly performed, except the equalization, and the uncontradicted evidence showed that the value of the property was increased in a legal manner by the board of equalization. None of the propositions are meritorious, and all are overruled.

The law gives the lien for taxes, and it was not necessary for the jury to be permitted to pass on the existence of a lien. There was no issue as to the amount of the taxes, if the assessment and other legal requirements had been complied with. The verdict was properly instructed for appellee and carried with it everything prayed for by appellee.

The judgment is affirmed.