**SCANLAN et al. v. GULF BITULITHIC CO.**
**No. 7409.**

Court of Civil Appeals of Texas. Austin.
April 9, 1930.

Rehearing Denied April 23, 1930.

Walter F. Brown, of Houston, for appellants.

Vinson, Elkins, Sweeton & Weems, of Houston, for appellee.

BAUGH, J.

Appeal is from a judgment in favor of appellee for principal, interest, and attorneys' fees on assessment paving certificates assigned to appellee by the city of Houston, as part payment for paving Telephone road, one of its streets; and for foreclosure of paving lien on appellants' property abutting on said street. Appellants' answer to the suit was a general demurrer, general denial, and a plea "that the proper steps and proceedings upon which to base the certificates sued upon in this case and to fix a lien upon the land of these defendants" were not taken. This plea added nothing to the general denial. The only issue submitted to the jury was as to what would be reasonable attorneys' fees, the trial court having instructed a verdict for appellee on all other issues.

We shall not undertake to discuss all of the 44 propositions contained in appellants' brief, many of which are not properly presented, and some, at least, of which have heretofore been decided against appellants in suits on paving certificates, which appear to have afforded a prolific source of litigation in this state. Due to the fact, however, that the Home Rule Amendment (Const. art. 11, § 5) gives cities of over 5,000 inhabitants much

latitude with reference to their respective charters, the lack of uniformity in city charters has imposed much work on the appellate courts, and given rise to many apparently varying opinions in their construction.

In making assessments against property owners for local improvements, the general rule is that the charter or statutory provisions for their imposition must be substantially complied with, and any material variation therefrom will invalidate such assessments. Jones v. El Paso Bitulithic Co. (Tex. Civ. App.) 246 S. W. 749; Dallas v. Bergfield (Tex. Civ. App.) 245 S. W. 749, 753; 25 R. C. L. 94; 44 C. J. 497.

It is not necessary, however, for a holder of a paving certificate either to allege or prove that all the detailed steps of procedure prescribed in the city charter and in the general law have been complied with before he can recover on such certificate. In accord with the provisions of the Houston charter, the certificates sued upon herein provided: "That all proceedings with reference to making such improvements have been regularly had in compliance with the law; the charter of said city and the terms of this certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed."

The introduction of said certificates in evidence constituted prima facie evidence of the facts therein recited. Massie v. City of Ft. Worth (Tex. Civ. App.) 262 S. W. 837. Appellee alleged generally a compliance by the city council with the charter requirements in ordering said street paved, the submission by the city engineer of plans and specifications, a hearing after due notice to appellants on benefits, making of the paving contract after bids with appellee, completion of the paving, acceptance of same by the city council, and issuance of the certificates. Though due notice of hearings were given to appellants, they declined to appear at any hearing, made no protests, and filed no suits attacking same within the 20 days prescribed by article 1096, Rev. St. 1925, or within the 10 days prescribed by the city charter. Not having done so, they were barred from defending on any grounds except those rendering the assessment wholly void. Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792, 794.

Their first contention is that there was evidence to go to the jury tending to show that part of the pavement as finally laid extended beyond the street line over on their property, which, if true, would render the assessment invalid. We do not sustain this. The evidence did show that the pavement was shifted eastward a few feet from the lines originally mapped out; but the street was 50 feet wide and the pavement only 35 feet wide, and we think the evidence conclusively shows that the pavement as laid was still wholly within said 50-foot street; and that the slight change in its location was not a material variance either from the original plans or from the terms of the paving contract.

Nor is there any merit in appellants' contention that the plans and specifications were not complete as required by law, and not prepared forthwith after the paving was ordered in such manner that bids on separate portions of such improvements could be made thereon separately. The city council by proper resolution adopted the plans and specifications made by the city engineer, and by ordinance accepted the bid of appellee and approved the contract with it for said paving. The city council had jurisdiction over the subject-matter, and their proceedings of record are shown to have been regular. The city is not a party to this suit, and the attack here sought to be made on such proceedings is collateral. "The paving company clearly had the right to rely upon the regularity of the records and proceedings of the city council, inasmuch as such body had duly acquired jurisdiction over the subject-matter." Crabb v. Uvalde Paving Co. (Tex. Com. App.) 23 S.W.(2d) 300, 303.

Appellants had full notice of the amount of the assessment proposed to be made against their property. They did not appear at the hearing on benefits. At that hearing there was testimony to show, and the council found, that the benefits to their property would exceed their portion of the cost of the paving. Not having questioned this proceeding as required by law, they will be held to have waived irregularities, if any, in such proceeding.

Nor do we sustain appellants' contention that after a hearing on benefits substantial changes were made in the proposed improvements vitiating or vacating the assessments based on such hearings. There were some changes made, not in front of appellants' property, widening the pavement at a curve, and reinforcement with steel of the paving where laid over water or sewer mains; but these were not such material changes as would vitiate the assessment. The slight change of location from that specified in the original plans of the pavement within the 50-foot street appears to have been made either to straighten the street or to avoid encroachment upon appellants' property line. However, appellants, as the record clearly discloses, never appeared at any hearing, and declined to disclose to the paving contractor the claimed location of their property lines, though requested to do so. Instead, they stood silently by and permitted such improvements to be made at heavy expense to the city and to the contractor, full benefits of which accrued to their property. Whatever added expense resulting from dedication of new streets crossing Telephone road, after the paving was ordered and hearings on benefits had, was borne by the city, which paved the

street intersections, and appellants cannot complain that the frontage paid for by assessment against the property owners was thereby lessened. Such lessening neither added to their burdens nor detracted from the benefits to their property.

■ Appellants' next complaint is that assessments were not made in accordance with "the front foot rule"; that is, prorating the cost in the proportion that the owners' frontage bears to the total frontage to be paved. This rule is not absolute. Both the statute and the charter authorized a variance from its application so as to produce equality among owners. Then, too, these were matters concluded at the hearing on benefits which appellants declined to attend and neglected to attack in the manner and within time prescribed by law.

■ It is true that appellee did allege that the improvements were initiated under the provisions of section 5a of article IV–A of the City Charter, which provides that the city itself may initiate the improvements by passing a resolution declaring that the highway shall be improved; when in fact the improvement was initiated by petition of the owners of the abutting property, provided for in section 5 of said article IV–A of said charter. The methods of procedure prescribed for hearing on benefits and for making assessments are somewhat different under these two sections. However, the provisions of sections 6, 7, and 9 of said article IV–A specifically pleaded relate to either or both methods of initiating improvements. And while the allegation generally was that the provisions of section 5a were followed, the steps alleged to have been taken by the city in complying with the charter requirements were, in the main, those prescribed by section 5, and not section 5a; and the proof showed that the provisions of section 5 were the ones followed. In addition there was a general allegation that all the provisions of article IV–A necessary to sustain such assessments were complied with. There were no special exceptions to the pleadings and no objection to the evidence. Under such circumstances, not only do we think there was no such variance between the allegations and the proof as would authorize us to disturb the judgment, but that appellants have wholly failed to show any injury, and that the error, if any, was harmless.

■ The assessment was made against the "T. H. Scanlan estate," under which tradename their properties were operated, and against the joint owners, sisters, composing such firm or partnership, but without designating the interest or the amount of the liability of each of such joint owners. Appellants insist that such assessments are invalid under the holdings in Dallas v. Atkins (Tex. Civ. App.) 197 S. W. 593, 604; Id., 110 Tex. 627, 223 S. W. 170, 171; and Uvalde Rock Asphalt Co. v. Lyons (Tex. Civ. App.) 289 S. W. 202. The rule announced by the Supreme Court in Dallas v. Atkins, is that, "where several persons jointly own property, and an assessment is made against them as such owners to meet part of the cost of a street improvement, it is essential to separate the amount of the liability of each owner."

In that case the reason for such a rule is apparent. Some of those assessed owned only life estates, while others owned a fee in the property assessed. In the Lyons Case, also, the interests owned by those assessed differed in amount, and the records disclosed such facts. In the instant case the records failed to disclose the interests owned by those operating under the name of the "T. H. Scanlan estate." The appellants declined to appear at any hearing or to file any suit to set aside or correct improper steps, if any, in making any such assessments. The city charter provides that any such error or mistake may be corrected at any time either by the council or at the suit of any interested party. And while the interests of the respective parties were not separated in the assessments, the judgment of foreclosure rendered by the trial court, under the undisputed evidence, does expressly fix the interest of each of the owners, provide that each such owner may pay off her proportionate part of the judgment and thereby release her respective interest from a foreclosure. All the relief which could have been afforded by separating the amount of the liability of each owner in the assessment is afforded in the judgment rendered, and no injury has resulted.

■ Nor did the court err in rendering judgment against appellants for the amount of the assessment against their deceased sister, Charlotte Scanlan, who died intestate after said certificates were issued and before suit was filed, without a showing that she owed no debts at the time of her death, and that no administration was necessary. The general rule is that a debt or claim against a deceased person should be collected through an administration. But a well-established exception to this rule is presented where, as was done in this instance by the appellants, sole heirs of Charlotte Scanlan, the heirs partition and distribute the estate of the deceased among themselves and go into possession of the property, without satisfying the debt of such person. In such case the creditor may sue such heirs on such debt without any administration. Byrd v. Ellis (Tex. Civ. App.) 35 S. W. 1070, and cases there cited; Young v. Moore (Tex. Civ. App.) 110 S. W. 548.

■ The jury found that $1,250 was a reasonable attorneys' fee in the trial court, and that $400 would be a reasonable additional fee in case of appeal. The court rendered judgment for $1,650 attorneys' fees, but decreed that, if no appeal be prosecuted, the

880

judgment be credited with $400 and that in such event plaintiff recover only $1,250 as attorneys' fees. A reasonable attorneys' fee is allowed in such suits both by the city charter and the statute, and may be recovered in a suit on a paving certificate. Keller v. Western Paving Co. (Tex. Civ. App.) 218 S. W. 1077 (writ of error refused); Sullivan v. Paving Co. (Tex. Civ. App.) 220 S. W. 444. The fee allowed is not attacked as being unreasonable. Nor do we sustain the contention that the judgment as to the attorneys' fee was void because conditioned upon the happening of a contingency which could not occur until after the judgment was entered. Appellee's right to such fee necessarily included reasonable fee for such services up to final judgment. If such services at added cost were required on appeal, a reasonable fee therefor would be included also. The judgment was for a definite sum, with a credit of a definite sum upon a contingency, dependent entirely upon the election of the appellants. When they appealed, the contingency was removed, and there remained no facts for those executing such judgment to ascertain and determine which were not stated in the judgment. See Hendryx v. Moody Cotton Co. (Tex. Civ. App.) 257 S. W. 305, 307; 33 C. J. 1202.

What we have said disposes generally of the contentions made by appellants. They pleaded no special defenses against said assessments. They refused to accept registered mail containing notices of hearings on said paving work as proposed. They took no steps whatever to correct any wrongs that they claim they have suffered. They stood silently by while the city and appellee made large expenditures in paving in front of their property which the undisputed evidence shows resulted in benefits to it beyond the assessments made. Clearly we think they are estopped to now insist that some of the proceedings prior to the actual paving were not fully complied with, and that some immaterial changes were made in laying the paving after the contract was let.

The judgment of the trial court is affirmed.

Affirmed.