**WEST TEXAS CONST. CO. v. WHITE-FIELD et al.**

**No. 2735.**

Court of Civil Appeals of Texas. El Paso.
Oct. 20, 1932.

Rehearing Denied Nov. 10, 1932.

Mart W. Reeves and Goggans & Ritchie, all of Dallas, for appellant.

Sam K. Wasaff, of Midland, for appellees.

HIGGINS, J.

Appellant brought this suit against B. F. Whitefield and wife, and Mary Erickson, a feme sole, to recover upon a paving certificate issued by the city of Midland to cover the pro rata cost of paving a parcel of land upon Illinois avenue in said city, and for foreclosure of lien upon said land.

The instrument certifies that, by virtue of an ordinance and other proceedings of the city council of the city of Midland, Tex., passed on the 12th day of November, 1929, there was levied an assessment in the sum of $1,240.95 against the property (describing same) and against the true owner thereof, who is B. F. Whitefield. It was·payable in six installments, with the usual accelerating maturity clause. It bears interest from June 30, 1930, at the rate of 8 per cent. per annum, payable annually, and provides for a reasonable attorney's fee.

Defendants in their answer set. up that the assessment was in excess of the special benefit to the property and its owner and in excess of the enhanced value of the lot. Other matters were set up in the answer, but no point with respect thereto was made by appellee in the court below nor here relied upon as justifying affirmance.

The case was submitted upon two issues, briefly stated, as follows:

(1) What amount was the lot enhanced in value by the paving?

(2) What is a reasonable attorney's fee to be allowed plaintiff for prosecuting the suit?

To both of these issues the jury answered "None," and judgment was rendered for the defendants.

Whitefield testified he objected to the paving and filed a written notice to that effect with the city, but did not remember whether he ever appeared before the city council or not. He further testified the paving did not enhance the value of the lot.

The certificate in question was issued under the provisions of an Act of the 40th Leg. (1927) 1st C. S., c. 106, p. 489 (Vernon's Ann. Civ. St. art. 1105b).

Section 6 of that act (Vernon's Ann. Civ. St. art. 1105b, § 6), provides: "If any such certificate shall recite substantially that the proceedings with reference to making the improvements therein referred to have been regularly had ·in compliance with the law and that all prerequisites to the fixing of the assessment lien against the property described in said certificate and the personal liability of the owner or owners thereof have been performed, same shall be prima facie evidence of all the matters recited in said certificate, and no further proof thereof shall be required."

The certificate contains such recital. Section 9 of the act (Vernon's Ann. Civ. St. art. 1105b, § 9) provides for notice to and hearing of parties interested in the proposed improvement, and further provides: "Anyone owning or claiming any property assessed, or any interest therein, or any railway, street railway, or interurban assessed or any interest therein, who shall desire to contest any such assessment on account of the amount thereof, or any inaccuracy, irregularity, invalidity, or insufficiency of the proceedings or contract with reference thereto, or with reference to such improvements, or on account of any matter or thing not in the discretion of the governing body, shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment

is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever. And the only defense to any such assessment in any suit to enforce the same shall be that the notice of hearing was not published or did not contain the substance of one or more of the requisites therefor herein prescribed, or that the assessments exceed the amount of the estimate, and no words or acts of any officer or employee of the city, or member of any governing body of the city, other than the action of the governing body shown in its written proceedings and records shall in any way affect the force and effect of the provisions of this Act."

■ It is not shown that any of the defendants filed suit as required by the last-quoted portion of the law, and, in the absence of such showing, they are by the terms of the law barred and estopped from now contesting any special benefit to and enhancement in the value of the lot against which the certificate was issued. Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792; Scanlan v. Gulf Bitulithic Co. (Tex. Civ. App.) 27 S.W.(2d) 877; Id. (Tex. Com. App.) 44 S. W.(2d) 967; Dillon v. Whitley (Tex. Civ. App.) 210 S. W. 329; City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631; Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688.

■ Appellees say these cases are not in point because they protested the paving. But there is nothing in the statute which substitutes a protest for suit within fifteen days after the assessment is levied.

Upon the issue of attorney's fees, evidence was offered by both sides, but upon the oral argument in this court appellant waived its claim for such fee.

Upon the undisputed facts, plaintiff was entitled to judgment for the amount of the certificate with interest and foreclosure.

Accordingly, the judgment is reversed, and will be here rendered in favor of appellant against B. F. Whitefield for $1,240.95, with interest from June 30, 1930, at the rate of 8 per cent. per annum, payable annually, until date of judgment, Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S.W. 631, and against all defendants for foreclosure of lien upon the lot described in the petition.

Reversed and rendered.

Supplemental Opinion.

Upon the authority of Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631, we were of the opinion the judgment should bear interest at the rate of 6 per cent. per annum.

■ Appellant has informally called to our attention the ruling of the Commission of Appeals in Fenstermaker v. City of San Antonio, 290 S. W. 532, from which it follows the judgment should bear interest from its date at the rate of 8 per cent. per annum.

The judgment will be corrected in that respect.