### SHAMBAUGH v. BELLAR.
### No. 2253.

Court of Civil Appeals of Texas. Beaumont.
Nov. 2, 1932.

Rehearing Denied Nov. 9, 1932.

W. H. Graham, of Houston, for plaintiff in error.

P. A. Dowlen, of Beaumont, for defendant in error.

O'QUINN, J.

Plaintiff in error brought this suit in the district court of Jefferson county, Tex., to recover upon a paving certificate issued by the city of Beaumont for the sum of $406.25, with accrued interest, and for $150 as at-torney's fee. The prayer was for judgment personally against defendant in error and for foreclosure of the paving lien.

Defendant in error answered by general demurrer, general denial, and specially that the property against which the paving certifi-cate was issued was, and for many years had been, his homestead; that the paving in-volved was constructed without his consent and over his protest, and after notice that he would not be liable for the cost of same; that the cost of the paving was far in ex-cess of the benefit same would be to his prop-erty, and denied that the obligation sued upon fixed any lien upon his property. Plain-tiff in error, by supplemental petition, de-nied all matters of fact set up by defendant in error's answer, and pleaded that, because defendant in error did not file any suit with-in the time fixed by the charter of the city of Beaumont for the purpose of contesting the question of benefits or any other question relating to the improvement involved, he was estopped from raising any such questions in bar of such issues.

The case was tried to the court without a jury, and judgment rendered against plain-tiff in error on all questions, and in favor of defendant in error. From that judgment this appeal is taken.

Plaintiff in error's first three prop-ositions urge that the court erred in admit-ting the evidence of certain witnesses for defendant in error that the paving did not

benefit the property, because defendant in error did not file any suit within the time provided in the charter of the city of Beaumont for the contesting of said question. It appearing that no such suit was filed as required by the city charter to contest such question, the evidence was not admissible, but as the cause was tried to the court, and, when the evidence was admitted, the court stated that he would not consider any evidence not admissible, it is to be presumed that he did not consider same. Furthermore, the judgment discloses that the judgment denying a recovery was based entirely upon the fact that the property involved was at all times the homestead of defendant in error, and not subject to the liability asserted by plaintiff in error.

The fifth proposition asserts that the court erred in finding that the whole of the property against which the lien was asserted was the homestead of defendant and not subject to the lien. The property involved is lots 1 and 2, block 9, Arlington addition to the city of Beaumont. The residence is situated on lot 1. Lot 2 had at all times before the paving been used as a garden by defendant in error, and was at the time of the trial being so used for producing vegetables for family use. For many years, more than thirty, defendant in error owned and resided on said property in said residence with his family consisting of his wife and five children, all grown. His wife died there May 19, 1930. She left a will devising all her interest in the homestead to her husband. This will was duly probated and thus defendant in error became the owner of the whole property. Before Mrs. Bellar died defendant in error for a time rented a portion of the house as an apartment to get funds with which to help maintain the family. During this time defendant in error continued to live in the family home. After Mrs. Bellar died, July 14, 1930, defendant in error rented the whole house, furniture and all, to a Mrs. Davis who, with her family, was living in it at the time the paving was done. When defendant in error rented his home to Mrs. Davis, he built a small room on lot 1 at the back of the house and put some of his house furnishings in it and occupied it himself. He says he rented to Mrs. Davis in order to get funds with which to pay taxes and insurance on the property, and to aid in living expenses. After Mrs. Bellar's death, a son and daughter of defendant in error lived with him until the house was rented to Mrs. Davis. One daughter and her children were at the time of the trial living with defendant in error. He denied that he had abandoned or had any intention of abandoning any portion of the homestead when he rented to Mrs. Davis.

Plaintiff in error concedes that all of the property involved was the homestead of defendant in error up to the time of the death of Mrs. Bellar, May 19, 1930, and that all of said property continued to be the homestead of Mr. Bellar, defendant in error, up to July 14, 1930, the date that he rented his house to Mrs. Davis, and that all of said property has been and remains still the homestead of defendant in error, except 73 feet off of the north end of lot 1, which is the space on which is situated the residence house, but plaintiff in error insists that said 73 feet was abandoned by defendant in error as a part of his homestead on July 14, 1930, when he rented same to Mrs. Davis and built and himself lived in the little room at the rear of the house, eating and sleeping there, and continuously renting his said residence during said period, and its being all that time occupied by his tenant, Mrs. Davis, by reason of which said 73 feet lost its homestead exemption and became subject to his claim, and that he should have had judgment for his debt and for foreclosure of his lien on said 73 feet. The court, as above stated, found in favor of defendant in error's claim of homestead as to all of the property, and against plaintiff in error's contention of abandonment, and we think this finding has abundant support in the record. All the evidence, we think, goes to show that defendant in error at all times and under all the circumstances claimed and occupied the premises as his homestead, and that the renting was intended to be and was but a temporary renting. Newton v. Calhoun, 68 Tex. 451, 4 S. W. 645. The property being at all times the homestead of defendant in error, the lien attempted to be fixed against the property was invalid and of no force. Const. art. 16, § 50. Furthermore, said property being the homestead of defendant in error at the time the paving was ordered and the lien attempted to be fixed, the lien was void, and, even if defendant in error had subsequently abandoned said portion of said property, the lien did not become effective after said abandonment, for the Constitution, article 16, § 50, declared that no such lien "shall ever be valid," and as was said in Inge v. Cain, 65 Tex. 75, "what cannot 'ever be valid,' is never valid, and what is never valid, is always void." See, also, O'Brien v. Woeltz, 94 Tex. 148, 154, 58 S. W. 943, 945, 59 S. W. 535, 86 Am. St. Rep. 829. In the latter cited case it was attempted to foreclose a deed of trust lien on what was at the time the deed of trust was executed the business home of Woeltz but which it was claimed he had abandoned. In refusing the foreclosure, Judge Brown said: "Lot No. 2 in block 4 being the business homestead of Woeltz at the time the deed of trust was made, it was void as to that lot, and it did not become effective after the abandonment of that lot as a place of business."

By his fourth proposition, plaintiff in error contends that, if the property was the

homestead of defendant in error, still he was entitled to a personal judgment for the cost of the paving, and for a reasonable attorney's fee. The city of Beaumont, under its charter, has the power to pave and otherwise improve its streets, and to assess a share of the cost thereof against the property abutting upon said streets and the owners thereof, and it appearing that the city of Beaumont had regularly ordered the improvement of the street upon which the property involved abutted, and had passed an ordinance by the terms of which the owner of said property, defendant in error, Bellar, was assessed the sum of $406.25 as his share of the cost of said paving, and that said ordinance fixed a personal liability upon defendant in error for said sum, and there being no question as to the issuance of the paving certificate and its ownership by plaintiff in error, under the law personal liability did exist upon and against defendant in error, and plaintiff in error was entitled to and should have had judgment against defendant in error, Bellar, for said sum regardless of the homestead question. Article 1105b, Vernon's Ann. Civ. St.; City of Dallas v. Atkins, 110 Tex. 627, 223 S. W. 170; Storrie v. Cortes, 90 Tex. 283, 38 S. W. 154, 35 L. R. A. 666; Smith Bros. v. Lucas (Tex. Com. App.) 26 S.W.(2d) 1055; Panhandle Const. Co. v. Sikes (Tex. Civ. App.) 42 S.W. (2d) 113; Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792 (writ refused); Whitham & Co. v. Donovan (Tex. Civ. App.) 11 S.W. (2d) 197.

But defendant in error insists that, as the property was his homestead and that he so notified both the city and the contractor before the paving was ordered and at the time when the paving was commenced to be constructed that the property was his homestead, and that he was not able to pay for it and would not sign a contract for same, and that he actually refused to sign the contract when it was presented to him, under these circumstances the paving should not have been constructed and he should not be held personally liable for any part of the cost of same. It is undisputed that defendant in error did give such notice and that he did refuse to sign a contract for the paving, and it is also undisputed that defendant in error is an old man, more than seventy years of age, and that he has no other property or means than his said homestead, but nevertheless, the statute, article 1105b, and the city charter, empowered the city to order the improvements to be made and to assess a certain portion of the cost of same against him, and to fix personal liability against him therefor. So, under the law, his contention cannot be sustained. Massie v. City of Fort Worth (Tex. Civ. App.) 262 S. W. 837.

Plaintiff in error contends that he should have judgment for attorney's fee.

While the statutes, articles 1090 and 1105b, R. S., and the city charter provide for a reasonable attorney's fee in cases where collection of paving costs are by suit, still what is a reasonable fee is a question of fact and must be found by the jury or court trying the case. There being no such finding herein, and the evidence, being that only of the interested attorney, in our opinion, not warranting us in finding what a reasonable fee under the facts would be, this part of the judgment will have to be reversed and remanded to the court below for its determination.

That portion of the judgment finding that the property involved was the homestead of defendant in error and that the paving lien sought to be created and foreclosed against same was void and canceling same, is in all things affirmed. That portion of the judgment denying plaintiff in error a personal judgment against defendant in error for the amount of the certificate, $406.25, and interest thereon at 7 per cent. is reversed and here rendered for plaintiff in error. And that portion of the judgment denying plaintiff in error judgment for attorney's fee is reversed and remanded to the trial court for determination.

Affirmed in part, reversed and rendered in part, and reversed and remanded in part.