## VOGEL v. CENTRAL TEXAS SECURITIES CORPORATION.

### No. 7863.

Court of Civil Appeals of Texas. Austin.

June 28, 1933.

Rehearing Denied July 12, 1933.

E. A. Wallace, of Cameron, for appellant.
E. A. Camp, of Rockdale, for appellee.

BLAIR, Justice.

Appellee sued appellant upon two paving certificates issued by the city of Rockdale to F. P. McElwrath, as contractor, for paving the portion of the street abutting on appellant's homestead property, which certificates were by McElwrath assigned to the city and by it to appellee. The paving lien attempted to be given on the homestead was declared void; but judgment was rendered against appellant personally for $805.50, with 6 per cent. interest and $150 attorney's fees; hence this appeal.

The street improvements were made under the front foot assessment plan, and all proceedings and prerequisites to make the improvements and to assess one-third the costs against the city and two-thirds against the abutting property and to fix the personal liability of the owners therefor were in accordance with the provisions of article 1105b, Acts 40th Leg. (1927), 1st Called Sess., c. 106, p. 489 (Vernon's Ann. Civ. St. art. 1105b). Appellant refused to execute a mechanic's lien upon his homestead to secure the costs of the paving, and the contractor refused to do the work unless appellant would give such security, and notified the city of his intention to skip the portion of the street abutting on appellant's property, which he had the right to do under the terms of his contract with the city. By a resolution of the city council, the contractor was then instructed to pave the street in front of appellant's property, the resolution reciting the above facts, and further that, when the paving was completed in accordance with the contract, the city would issue paving certificates in compliance with the statutes and the contract to the contractor; and that, upon the contractor assigning the certificates to the city, it would pay the contract price of the paving, and would proceed against the abutting property and the owner thereof to collect the amount of the assessment certificates. The contract for the paving was duly performed and the paving accepted by the city, and the agreements with reference to the issuance and assignment of the certificates as provided by the resolution of the city council were duly performed.

Appellant contends: (1) That the purchase by the city of the paving certificates and its subsequent assignment of them to appellee were transactions ultra vires of its corporate powers; (2) that, since the city voluntarily and without the knowledge or consent of appellant paid the contractor the amount of the paving assessment against him, the city thereby discharged whatever liability or obligation rested upon appellant therefor; and that the subsequent assignments of the certificates by the contractor to the city and by the city to appellee were ineffectual; and (3) that in any event the paving certificates were void, because they were issued in virtue of the resolution of the city council aforementioned, whereas the statutes required that such certificates shall issue only in virtue of an ordinance duly passed by the city council.

■■■ We do not regard the agreement of the city to pay for the paving when the contractor completed same under his contract and assigned the assessment certificates to be issued to it, the city to proceed against the abutting owner of the homestead property personally for the assessments legally made against him, as being transactions ultra vires of the city's corporate powers. This in effect is the holding in the case of Dozier v. City of Gatesville (Tex. Com. App.) 48 S.W.(2d) 971. A paving lien could not be enforced against appellant's abutting homestead property; but the city was under the duty of paving the entire street, and it proceeded in the manner required by statute to fix the personal liability of appellant for the paving costs. The certificates issued to the contractor were to that extent valid, and, in justice to all abutting property owners who gave security on their homesteads for the paving and to all property owners whose abutting property was not exempt from the paving lien, appellant should be made to pay personally the amount of the assessment certificates. The certificates were legal and negotiable in the hands of the contractor, and no good reason exists under the facts above stated why the city, in order to secure the paving of its entire street without skips, could not agree to pay the contractor for his work upon his assigning the certificates to it, the city to proceed against appellant personally to collect the legal assessments against him for his part of the street improvements abutting on and benefiting his property. Nor do we regard the purchase of the paving certificates which appellant personally owed under the facts stated, by the city, or its subsequent assignment of them to appellee, as being transactions ultra vires of its corporate powers. City of Paris v. Bray, 107 Tex. 189, 175 S. W. 432. But, if so, then only the state may by proper proceedings compel the city to return to its proper sphere. Manifestly appellant, who is personally liable for the assessment certificates, which were lawful in the hands of the contractor and

would be lawful if held by an individual, cannot question the agreement of the city to purchase such legal certificates and to assign them to appellee, as being transactions ultra vires of the city's corporate powers. Stevens v. Galveston, H. & S. A. R. Co. (Tex. Com. App.) 212 S. W. 639; Lee v. W. D. Hayden Co. (Tex. Civ. App.) 48 S.W.(2d) 476; Quinn v. Pere Marquette Ry. Co., 256 Mich. 143, 239 N. W. 376.

■■ The evidence is undisputed that the payment by the city to the contractor was not a voluntary payment, with intent to discharge the liability of appellant on the certificates, but was made in accordance with the contractor's agreement to assign the certificates after they had been issued and the city had paid the contract price of the paving; and the resolution recited that the city intended to proceed against appellant for the collection of the paving certificates. This clearly shows that the intention of the parties was not to discharge the debt which appellant owed for the paving, but to continue the obligation in force as a binding and legal obligation against him. The intention of the parties relative to the discharge of a debt when it is paid by a stranger to the holder either determines whether the debt is discharged or transferred; and the undisputed record in this case shows that the debt was not intended to be discharged but transferred. 48 C. J. 585.

■ Nor do we sustain appellant's contention that in any event the paving certificates were void because they were issued in virtue of a resolution of the city council; whereas the statute required that such certificates shall be issued only in virtue of an ordinance duly passed by the city council. It seems to be appellant's contention in this regard that the paving was done entirely under the resolution passed by the city council instructing the contractor to proceed with paving the street, and that it would issue to him the assessment certificates and pay the contract price when said certificates were assigned to the city. The record shows that the paving of the portion of the street in question was done under the original contract between the city and McElwrath. It is also undisputed that all ordinances, prerequisites, and requirements necessary to establish the personal liability of appellant for the paving under that contract were duly complied with. City of Paris v. Bray, supra.

■ Nor do we sustain appellant's plea of two years' limitation. The certificates sued on were dated August 6, 1929, and were payable in six installments. The first installment was due September 6, 1929, and was paid on that date; the second installment was due August 6, 1930, and one installment matured each August 6th thereafter until all were paid. The second installment was not due

until August 6, 1930, and this suit was filed October 30, 1931, at which time no installment was past due for two years. The certificates authorized the holder thereof, at his option, to declare all installments due upon default in the payment of any installment of principal or interest when due. By filing this suit, appellee, the holder of the certificates, declared all installments due because of default in payment of the installments due August 6, 1930, and August 6, 1931, neither of which was past due for two years.

█ Nor do we sustain appellant's contention that he should have been given credit on his paving assessment for his pro rata of a certain sum paid by the state highway commission to the city of Rockdale. The evidence shows without dispute that, after the city had entered into its contract with McElwrath to pave the street in question, and after all the assessments had been duly made against appellant and the other property owners, the state highway commission promised the city that, if it would pave the street in its entirety, in accordance with its contract with McElwrath, leaving no skips thereon, and if the highway department later determined to pave highway 46 traversing Milam county, and through the city of Rockdale, over the street in question, it would later reimburse the city for a certain part of its expense in paving the street. Later the highway department did pave highway 46, and did reimburse the city of Rockdale to the extent of about $23,000. Under these facts, appellant was not entitled to any reimbursement because of this donation by the highway department to the city, out of which it may have paid a part of its one-third of the cost of the improvements. Appellant's liability for the amount assessed against him was fixed as the date the assessments were made and the certificates issued; and that liability could not be affected by any contributions, donations, or gifts thereafter made to the city by the highway department. City of Corsicana v. Mills (Tex. Civ. App.) 235 S. W. 220; Keller v. Western Paving Co. (Tex. Civ. App.) 218 S. W. 1077; Sullivan v. Roach-Manigan Paving Co. (Tex. Civ. App.) 220 S. W. 444; Article 1105b, Vernon's Ann. Civ. St.; Herring v. City of Mexia (Tex. Civ. App.) 290 S. W. 792; Clark v. W. L. Pearson & Co. (Tex. Civ. App.) 26 S.W.(2d) 382.

█ Nor do we sustain appellant's contention that the trial court should have rendered judgment in any event for only the amount which the jury found his property was benefited by reason of paving the abutting street. The record is undisputed that the contract for the paving of the street was executed in accordance with the statutes, and that all laws, regulations, ordinances, and notices necessary to the legal assessment of part of the cost against appellant and other property owners were duly complied with; that appellant did not appear and contest the paving upon the ground that it was of no benefit to his property, or that the benefits were not commensurate with the assessments made against him. The law is settled that one who fails to institute legal proceedings to question the amount of assessments or benefits under the general paving laws within the time fixed thereby is barred from questioning the amount of the assessments made or benefits received. West Tex. Const. Co. v. Whitefield (Tex. Civ. App.) 53 S.W.(2d) 832; Shambaugh v. Bellar (Tex. Civ. App.) 54 S.W.(2d) 550; Seymour v. Security Trust Co. (Tex. Civ. App.) 55 S.W.(2d) 853; Fisher v. L. E. Whitman & Co., 120 Tex. 516, 39 S.W.(2d) 869, 79 A. L. R. 1095; Scanlan v. Gulf Bitulithic Co. (Tex. Civ. App.) 27 S.W. (2d) 877.

█ The court did not err in admitting in evidence, over appellant's objection, the certificates sued upon. The certificates show that they were issued to McElwrath in accordance with his contract; that they were duly assigned by him to the city of Rockdale, and by the city of Rockdale to appellee. The assignment by the city is in regular form, and recites that the city of Rockdale, "acting herein by its mayor and city secretary, under direction and instruction of the city council of the City of Rockdale," transfers and assigns the certificates; and further recites that appellant "has paid to the City the amount due on said certificate, the receipt of which is hereby acknowledged and confessed." These recitations show authority for the mayor to transfer the certificates under the rule that the court will indulge the presumption that all acts of the municipality were legally and regularly done, unless the contrary is made to appear. Appellant made no effort to show that the recitations of the transfer were untrue. City of Ft. Worth v. Capps Land Co. (Tex. Civ. App.) 205 S. W. 491; McCarthy v. City of Denison (Tex. Civ. App.) 262 S. W. 830, 831.

█ Nor do we sustain appellant's contention in this connection that there is a variance between the proof and the allegation of appellee's petition with regard to the transfer or assignment of the certificates. Appellee's petition merely alleged that for a valuable consideration McElwrath assigned and transferred the certificates, and that appellee is now the owner and holder of said certificates and indebtedness. Such pleadings were sufficient to admit evidence of all transfers or assignments necessary to show title in appellee, or that it was the owner or holder of the certificates in suit.

We find no reversible error in the judgment of the trial court, and it is affirmed.

Affirmed.