## CITY OF AMARILLO v. HUME.
### No. 4174.

Court of Civil Appeals of Texas. Amarillo.
March 5, 1934.

Rehearing Denied April 23, 1934.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

HALL, Chief Justice.

The appellee, Hume, brought this suit against the city of Amarillo to recover damages growing out of the act of the city in lowering the grade of Johnson street upon

which certain property owned by Hume abutted.

He alleged, in substance, that his lot fronted 250 feet on Johnson street and was valuable business property with trackage facilities because of the fact that on the east side said lot abutted upon the property of the P. & S. F. Ry. Company. That the lot was of the reasonable market value of $17,500; that the city of Amarillo, in the exercise of its municipal powers, did, on or about the 1st of June, 1929, lower the grade of Johnson street immediately in front of and adjacent to plaintiff's lot, and paved the same in such manner that during wet weather the rain falling upon the ground lying immediately west, south, and southeast of said lot would flow to a drain or ditch under the railway tracks north of plaintiff's property into a natural lake about a half a mile east of his said lot. That the city, in reducing the level of the street, constructed ditches and drains southwest and southeast of plaintiff's lot for a distance of half to three-fourths of a mile so as to drain all of said territory and cause the rainwater from said territory to flow into Johnson street and thence in a northerly direction past the plaintiff's property. Such act on the part of the city in diverting the flood waters was alleged to be negligence, and resulted in impounding such water in front of plaintiff's lot and was the proximate cause of the injuries complained of, together with the lowering of the grade of Johnson street and the paving of said street, and had thereby greatly depreciated the value of said property. That it is impossible to get to his lot during wet weather. That the city had assessed the property for the cost of paving in front thereof, and that the paving and lowering of the grade had been without benefit to the property, and proceeds as follows: "Plaintiff further shows to the Court that by reason of such acts as aforesaid and the negligence of the defendant as aforesaid, his property has been depreciated in value in the sum of $7,500.00 and the claimed lien so being sought thereon in the sum of $7,500.00 for said paving and has therefore been damaged in the sum of $11,000.00." The prayer is as follows: "Wherefore, plaintiff prays that upon final hearing hereof he have judgment for the cancellation of said purported paving liens or certificates assessed by said City of Amarillo as against his property and for judgment for his damages in the sum of $7,500.00 and costs of suit or that if he should be denied cancellation of said paving certificates assessed by said City of Amarillo, that

he have judgment for said sum of $11,000.00 and for all costs of suit," etc.

The appellant answered first by a plea in abatement, alleging that the assessment had been made, a lien fixed upon the property in the sum of $1,225, a paving certificate duly issued to Gober & Thompson, who had assigned said certificate, together with the debt and lien evidenced thereby, to Tom Currie, who was now the owner and holder of the certificate and entitled to the benefit of the lien, further alleging that said Gober & Thompson and Currie were necessary parties to plaintiff's action to cancel the lien.

The city further alleged that it had been given control of its streets and charged with the duty of keeping and maintaining them, and that, in the exercise of its governmental powers and functions, it became necessary to grade and pave Johnson street adjacent to plaintiff's property, that it was done according to the best engineering practices and without negligence upon its part, and that, if plaintiff had sustained any damages, they were purely consequential, and were only such damages as other property owners adjacent to said street had suffered, and were in no wise special or peculiar to plaintiff's ownership of said lot.

The court submitted the controversy to a jury upon special issues, in response to which they found (1) that in grading its streets to the south, southwest and west of plaintiff's property, the city had diverted surface water, causing the same to flow along the west side of plaintiff's property in a greater quantity than such water had flowed immediately before the street was paved; (2) but that such act on the part of the city was not negligence; (3) that it did not in grading Johnson street to the west of plaintiff's property so construct it as to permit water to remain on the west side of said lot to a greater extent than before it was paved, and that such act of the city was not the proximate cause of any depreciation in the market value of the property. The court further submitted this special issue:

2a. "Do you find from the preponderance of the evidence that the market value of plaintiff's property was depreciated by the lowering of the grade of Johnson Street along the west side of said property?"

This was answered in the affirmative, and, in response to the next interrogatory, they found the amount of depreciation to be $875. Before returning the verdict, the jury asked the court a question in writing, in response

to which the court gave this further charge: "In answer to your question as follows: 'In considering the answer to subdivision (a) of special issue' No. 2, shall we take into consideration the fact of paving as well as the lowering of the grade?' you are instructed that by the expression 'lowering the grade' is meant lowering of the grade and establishing the grade as paved and completed."

The record shows the following stipulation: "It is stipulated and agreed between the plaintiff and the defendant that the City of Amarillo did, on April 16, 1929, duly pass an ordinance levying and assessing the cost of pavement of Johnson Street against this and other property adjacent thereto in a legal and proper manner so as to attach a lien on this property for its cost of such pavement in the sum of $1020.84; and that such paving was constructed in accordance with said ordinance and accepted by the City and constitutes a lien on the property to the extent of its cost $1020.84; and that plans and specifications for said paving and improvements were prepared in accordance with the ordinance and charter of the City of Amarillo and the statutes of the State of Texas and due notice given as required by law of the proposed assessment prior to the passing of the assessment ordinance."

■ The plea in abatement for the want of necessary parties was overruled by the court. The court could not, of course, cancel the paving lien, nor enter any judgment in any wise affecting its validity, without making the holders of the certificates parties to the action. City of Vernon v. Montgomery (Tex. Civ. App.) 265 S. W. 188; Jones v. Clark, County Judge, et al. (Tex. Civ. App.) 250 S. W. 217. Although the court overruled the plea in abatement, the error was cured by the failure to adjudge the paving lien to be invalid.

Based upon the verdict of the jury, the court rendered judgment in favor of the plaintiff against the city in the sum of $875, being the damages assessed in response to special issue No. 2a, and in addition thereto decreed the further recovery of $1,020.84, being the amount of the debt secured by the paving lien which the testimony showed was owned by Tom Currie.

We will not undertake to discuss the numerous assignments of error in the order presented.

■ The city attacks the action of the court in rendering judgment for the cost of the paving, and we sustain this contention. The appellee insists that the court was justified in rendering judgment for that amount because it was a liquidated demand. This contention is without merit. The effect of the stipulation quoted above is that, after notice duly given, the assessment was made; that an ordinance levying the assessment was properly passed; that due notice of the proposed assessment prior to the enactment of the ordinance was given. The record does not show that Hume appeared in obedience to the notice or that he questioned the right of the city to levy an assessment in the amount shown. In fact, the record contains no evidence whatever with reference to the amount of the assessment other than is shown by the stipulation. In rendering judgment for the amount of the assessment, the court necessarily assumed that the pavement in front of Hume's property was absolutely worthless, and that the property had not been benefited thereby in any amount.

Under the Acts of the 40th Legislature, First Called Session (1927), p. 489, c. 106 (Vernon's Ann. Civ. St. art. 1105b, § 9), the issues of damages or benefits are foreclosed after due notice and hearing, by the ordinance levying the assessment. Section 9 provides, in part: "No assessment herein provided for shall be made against any abutting property or its owner * * * until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing. * * * Anyone owning or claiming any property assessed * * * who shall desire to contest any such assessment on account of the amount thereof * * * or with reference to such improvements * * * shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever."

Having failed to appear at the hearing and contest the question of damages and benefits, and having failed to appeal therefrom with-

in the statutory time, Hume is precluded from recovering in this suit any amount incident to the assessment.

As said in Vogel v. Central Texas Securities Corporation (Tex. Civ. App.) 62 S.W.(2d) 243, 246: "The law is settled that one who fails to institute legal proceedings to question the amount of assessments or benefits under the general paving laws within the time fixed thereby is barred from questioning the amount of the assessments made or benefits received. West Tex. Const. Co. v. Whitefield (Tex. Civ. App.) 53 S.W.(2d) 832; Shambaugh v. Bellar (Tex. Civ. App.) 54 S.W.(2d) 550; Seymour v. Security Trust Co. (Tex. Civ. App.) 55 S.W. (2d) 853; Fisher v. L. E. Whitham & Co., 120 Tex. 516, 39 S.W.(2d) 869, 79 A. L. R. 1095; Scanlan v. Gulf Bitulithic Co. (Tex. Civ. App.) 27 S.W.(2d) 877."

It is accordingly held that evidence offered for the purpose of showing that the lot was not benefited by the paving is inadmissible. Shambaugh v. Bellar (Tex. Civ. App.) 54 S. W.(2d) 550.

■ The amount of the assessment as shown by the ordinance and set out in the stipulation was in no sense liquidated damages. 13 Tex. Jur. 114–116. The court therefore erred in rendering judgment for said sum upon that theory. The Legislature had the right to limit and fix the time in which the property owner could appeal. City of Ft. Worth v. Capps Land Co. (Tex. Civ. App.) 205 S. W. 491; San Antonio & A. P. R. Co. v. Blair, 108 Tex. 434, 196 S. W. 502, 1153; Sinclair, et al. v. City of Dallas (Tex. Civ. App.) 44 S.W.(2d) 465. And it is further held that the Legislature may limit the defenses which a party may interpose in actions of this nature. City of Rising Star v. Dill (Tex. Civ. App.) 259 S. W. 652; Zachry v. City of Uvalde (Tex. Civ. App.) 24 S.W.(2d) 517.

■ We think the supplemental charge given to the jury as a result of the question propounded to the court and the court's answer is erroneous. Our construction of the jury's question is whether, in answering issue No. 2a inquiring whether the market value of plaintiff's property was depreciated by lowering the grade of the street, they could consider the fact of paving. As decided by the authorities above cited, the issues of damages or benefits as the result of the paving were waived by the failure of Hume to appeal as required by the statute. Therefore it was improper for the jury to consider the fact of paving for any purpose, and they should have been so informed by the court. As we construe the court's answer to the question, the jury was authorized to take into consideration the fact of paving and whatever damages or benefits resulted therefrom, together with the further fact that the grade had been lowered. This was error. "The charge should be so framed as definitely to submit the different elements of damages to be recovered.' The rule as to the measure of damages is one of law and it is impossible to conceive how a jury can correctly apply the principle unless the Court instructs them as to the rule in its charge. The failure to do this is more than a mere omission; it is fundamental and reversible error, even though the defendant fails to request a special charge correctly setting forth the rule of liability or himself sets up an erroneous standard of the measure of damages." 13 Tex. Jur. 430, 431.

■ In view of the stipulation quoted above that the city duly passed the ordinance levying and assessing the cost of pavement in front of Hume's property in a legal and proper manner so as to create a lien thereon to secure the payment of the sum assessed, and in view of the further language of the stipulation that due notice was given as required by law to Hume, and that plans and specifications for said paving and improvements were prepared in accordance with the charter of the city and the statutes of the state, we are of the opinion that the failure of Hume to file his action as required by section 9 of the Acts of the 40th Legislature, First Called Session, quoted above, barred him from maintaining this suit and from recovering any sum as damages which may have resulted by reason of the lowering of the grade of Johnson street in front of and adjacent to his property. Whether he attended the hearing or not, if he was duly notified to do so and failed, he is bound by the action of the city authorities in making the assessment, and he is conclusively presumed to have seen the plans and specifications present at the hearing and to have known that the grade of the street would be lowered in accordance with the plans and specifications. He does not base his right to recover in this suit upon any allegation that the city did not lower the grade in accordance with the plans and specifications furnished by its engineer. As shown above, section 9 provides, in part, that any property owner who shall desire to contest the assessment on account of the amount or with reference to such improvements shall have the right to appeal by instituting suit in the proper court within fifteen days, and, in the event of his failure to do so within the time limited, he "shall be held to have waived every matter which might have been tak-

en advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever."

Since this act was passed, amending the former statute, prior to the date of the passage of the ordinance and the levy of the assessment, it governs not only Hume's right to recover as to the amount of damages, but also to recover any damages "with reference to such improvements" incident to lowering the grade, in the absence of proof that, in complying with the plans and specifications according to which the assessment was made, the city was guilty of negligence which resulted in the damages complained of, and the court erred in not directing a judgment in favor of the city.

The judgment is therefore reversed and is here rendered that the plaintiff, Hume, recover nothing and that the defendant, city of Amarillo, have judgment for all costs.

Reversed and rendered.