## H. E. HUME V. CITY OF AMARILLO.

No. 6771.   Decided January 6, 1937.
(99 S. W., 2d Series, 887.)

*Cooper & Lumpkin,* of Amarillo, for plaintiff in error.

The damage and injury peculiar to plaintiff's property and not suffered by him as a result of the construction of the lowering of the grade in common with other property in the same community entitled him to compensation under the Constitution, and the Legislature was without power to grant authority to the city to damage this property without compensation therefor. Craig v. City of Dallas, 20 S. W. (2d) 154; City of Wichita Falls v. Mauldin, 39 S. W. (2d) 859; City of Waco v. Roberts, 121 Texas, 217, 48 S. W. (2d) 577; Harris County v. Kaiser, 23 S. W. (2d) 840.

*Underwood, Johnson, Dooley & Huff,* of Amarillo, for defendant in error.

Where it appeared that the proceedings of the city council were regular and that the property owner had notice of hearing on benefits and damages but failed to appear and protest same and institute suit within the statutory period prescribed by law, he was not entitled to any damage. Vogel v. Central Texas Securities Corp., 62 S. W. (2d) 243; Shambaugh v. Bellar, 54 S. W. (2d) 550; Scanlan v. Gulf Bitulithic Co., 27 S. W. (2d) 877.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The Court of Civil Appeals has correctly decided this case. Its opinion is reported in 70 S. W. (2d) 651. The writ of error was granted because of a conflict between its decision and the decisions of certain other courts of civil appeals. We here now resolve that conflict in favor of the holding of the Amarillo court herein. Chief Justice Hall has written a clear and forceful opinion. Any writing which we might do on the subject would add nothing thereto, and we, therefore, adopt and make our own the following excerpts taken therefrom, which reflect sufficiently the nature of the controversy and the holdings on the controlling questions:

"The appellee, Hume, brought this suit against the city of Amarillo to recover damages growing out of the act of the city in lowering the grade of Johnson street upon which certain property owned by Hume abutted.

\* \* \*

"The record shows the following stipulation: 'It is stipulated and agreed between the plaintiff and the defendant that the City of Amarillo did, on April 16, 1929, duly pass an ordinance levying and assessing the cost of pavement of Johnson street against this and other property adjacent thereto in a legal and proper manner so as to attach a lien on this property for its cost of such pavement in the sum of $1020.84; and that such paving was constructed in accordance with said ordinance and accepted by the City and constitutes a lien on the property to the extent of its cost $1020.84; and that plans and specifications for said paving and improvements were prepared in accordance with the ordinance and charter of the City of Amarillo and the statutes of the State of Texas and due notice given as required by law of the proposed assessment prior to the passing of the assessment ordinance.'

\* \* \*

"Under the Acts of the 40th Legislature, First Called Session (1927), p. 489, c. 106 (Vernon's Ann. Civ. St. art. 1105b, Sec. 9), the issues of damages or benefits are foreclosed after due notice and hearing, by the ordinance levying the assessment. Section 9 provides, in part: 'No assessment herein provided for shall be made against any abutting property or its owner \* \* \* until after notice and opportunity for hearing as herein provided, and no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing. \* \* \* Anyone owning or claiming any property as-

sessed * * * who shall desire to contest any such assessment on account of the amount thereof * * * or with reference to such improvements * * * shall have the right to appeal therefrom and from such hearing by instituting suit for that purpose in any court having jurisdiction within fifteen (15) days from the time such assessment is levied; and anyone who shall fail to institute such suit within such time shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever.'

■ "Having failed to appear at the hearing and contest the question of damages and benefits, and having failed to appeal therefrom within the statutory time, Hume is precluded from recovering in this suit any amount incident to the assessment.

"As said in Vogel v. Central Texas Securities Corporation (Tex. Civ. App.), 62 S. W. (2d) 243, 246: 'The law is settled that one who fails to institute legal proceedings to question the amount of assessments or benefits under the general paving laws within the time fixed thereby is barred from questioning the amount of the assessments made or benefits received. West Texas Const. Co. v. Whitefield (Texas Civ. App.), 53 S. W. (2d) 832; Shambaugh v. Bellar (Texas Civ. App.), 54 S. W. (2d) 550; Seymour v. Security Trust Co. (Texas Civ. App.), 55 S. W. (2d) 853; Fisher v. L. E. Whitham & Co., 120 Texas, 516, 39 S. W. (2d) 869, 79 A. L. R., 1095; Scanlan v. Gulf Bitulithic Co. (Texas Civ. App.), 27 S. W. (2d) 877.'

"It is accordingly held that evidence offered for the purpose of showing that the lot was not benefited by the paving is inadmissible. Shambaugh v. Bellar (Texas Civ. App.), 54 S. W. (2d) 550.

* * *

■ "* * * The Legislature had the right to limit and fix the time in which the property owner could appeal. City of Ft. Worth v. Capps Land Co. (Texas Civ. App.), 205 S. W., 491; San Antonio & A. P. R. Co. v. Blair, 108 Texas, 434, 196 S. W., 502, 1153; Sinclair et al. v. City of Dallas (Texas Civ. App.), 44 S. W. (2d) 465. And it is further held that the Legislature may limit the defenses which a party may interpose in actions of this nature. City of Rising Star v. Dill (Texas Civ. App.),

259 S. W., 652; Zachry v. City of Uvalde (Texas Civ. App.), 24 S. W. (2d) 517.

* * *

"In view of the stipulation quoted above that the city duly passed the ordinance levying and assessing the cost of pavement in front of Hume's property in a legal and proper manner so as to create a lien thereon to secure the payment of the sum assessed, and in view of the further language of the stipulation that due notice was given as required by law to Hume, and that plans and specifications for said paving and improvements were prepared in accordance with the charter of the city and the statutes of the State, we are of the opinion that the failure of Hume to file his action as required by section 9 of the Acts of the 40th Legislature, First Called Session, quoted above, barred him from maintaining this suit and from recovering any sum as damages which may have resulted by reason of the lowering of the grade of Johnson Street in front of and adjacent to his property. Whether he attended the hearing or not, if he was duly notified to do so and failed, he is bound by the action of the city authorities in making the assessment, and he is conclusively presumed to have seen the plans and specifications present at the hearing and to have known that the grade of the street would be lowered in accordance with the plans and specifications. He does not base his right to recover in this suit upon any allegation that the city did not lower the grade in accordance with the plans and specifications furnished by its engineer. As shown above, section 9 provides, in part, that any property owner who shall desire to contest the assessment on account of the amount or with reference to such improvements shall have the right to appeal by instituting suit in the proper court within fifteen days, and, in the event of his failure to do so within the time limited, he 'shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever.'

"Since this act was passed, amending the former statute, prior to the date of the passage of the ordinance and the levy of the assessment, it governs not only Hume's right to recover as to the amount of damages, but also to recover any damages 'with reference to such improvements' incident to lowering the

grade, in the absence of proof that, in complying with the plans and specifications according to which the assessment was made, the city was guilty of negligence which resulted in the damages complained of, and the court erred in not directing a judgment in favor of the city.

"The judgment is therefore reversed and is here rendered that the plaintiff, Hume, recover nothing and that the defendant, city of Amarillo, have judgment for all costs."

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court January 6, 1937.