JOHN BENNISON v. CITY OF GALVESTON.

Delivered January 20, 1898.

1. **Municipal Corporation—Delegation of Power.**

The determination of a question which, by the law, is committed to the discretion of a city council can not be delegated by that body and made to depend on the judgment of any other officer or person.

2. **Same—Street Improvement—Liability for Assessment.**

No ordinance or resolution of a city council beyond the taking of the steps necessary to a valid assessment is required to give rise to a personal liability for the cost of improving a street such as the city may enforce by suit where its charter so provides.

3. **Same—Discretion of City Council.**

A city ordinance making it the duty of the city attorney, whenever he deems it advisable, to institute suit for the recovery against any owner of property of the amount due for street paving, is a sufficient exercise of discretion on the part of the council, given by the charter, to hold the owners personally liable for the amount assessed against them.

4. **Same—Street Improvement Assessment.**

The entry of a street improvement assessment in the collector's book is not a condition precedent to personal liability of an abutting owner for the amount of the assessment, under a city ordinance providing that the collector shall enter the assessment in a book kept in his office for the purpose, and shall proceed to the collection of the assessments and interest as they fall due, giving a specific notice to the owners and authorizing the collector to levy after expiration of the period of notice.

APPEAL from Galveston. Tried below before Hon. W. H. STEWART.

*L. E. Trezevant,* for appellant.

*R. Waverly Smith* and *Wheless & Bennett,* for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—The only rulings of the court below assigned as error are the overruling of special exceptions to the petition. The action was brought by the city to recover an amount assessed against appellant as his share of the cost of filling and paving a street, on which a lot owned by him abutted, and to foreclose a lien on the lot. The petition showed by its allegations that the improvement and assessment had been made in accordance with the provisions of the charter and ordinances regulating the subject, and no question is made as to the sufficiency of the allegations in this particular. The petition further alleged that one of the ordinances in force when the work was done was the following:

"Art. 493. In addition to the power and authority to collect said assessments as aforesaid, by levy and sale, it shall be the duty of the city attorney, whenever he may deem it advisable, to institute suit in the corporate name of the city, in any court having jurisdiction, for the recovery against any owner of said property of the amount due for any such paving so made as aforesaid."

It was further alleged, that on the 4th day of October, 1893 (after the assessment had been made and before suit), the city council, by ordinance or resolution duly passed, ordered the city attorney to institute suit against defendant and said property for the enforcement of said lien and collection of said tax and assessment

The fifth special exception, the overruling of which is assigned, alleged insufficiency of the petition because it did not set forth any ordinance of the city of Galveston whereby the collection, by suit, of the assessment is prescribed and regulated.

The proposition in the brief by which appellant's proposition is stated is as follows:

"Where a statute confers upon a city council, in addition to the remedy of collecting street assessments by the collector, the further remedy of instituting suit for the recovery of such assessment, and directs that such city council shall provide by resolution or ordinance for carrying out and executing the power so conferred, and such city council provides by ordinance that it shall be the duty of the city attorney, whenever he may deem it advisable, to institute suit for the recovery of a street assessment, or where such city council, by a resolution, instructs the collector to transfer to the city attorney for collection and suit, if necessary, the delinquent street paving roll, such city council does not, by the passage of such ordinance or resolution, exercise itself the power conferred of directing or ordering the institution of suit and unwarrantably refers the matter to the discretion and judgment of the city attorney, and such ordinance or resolution is no warrant of authority for instituting this suit."

This position is founded upon the following provision of the charter of the city, which is only one of the articles of the title in which elaborate provisions are found, regulating the subject of street improvements and local assessments.

"Art. 4. That in addition to the power and authority granted to the city council to collect said assessment as aforesaid, they shall have the further and additional remedy of instituting suit, in the corporate name, in any court having jurisdiction, for the recovery, against any owner of said property, for the amount due for any such work so made, as aforesaid; and the city council shall provide, by resolution or ordinance, under the provisions of this act, for the carrying out and executing the powers in this title conferred, and may adopt such resolutions, and enact such ordinances, and make such rules and regulations as they may deem necessary." Charter, sec. 130.

That a charter conferring upon municipal corporations power to impose upon the citizen such burdens as that in question is to be strictly construed; that all acts and things prescribed by the Legislature as conditions precedent to its exercise must be done; that the course of procedure marked out by the charter must be pursued and the charge created in the prescribed mode, are propositions which are fully recognized. It is equally true that the determination of any question, which, by the law, is committed to the discretion of the city council, can not be delegated by that body and made to depend upon the judgement of any other officer or person. The charter constitutes the rigid rule of action by which the extent of the power, the method of its exercise, and the persons by whom it is to be executed, are to be judged and determined. But in the present case there is no question but that the city, in deciding upon making the improvement and assessment, acted within the powers conferred upon it, and pursued the course marked out by the charter and the ordinances adopted in accordance with it. By the charter and ordinances it is provided, that when the cost of improvement has been ascertained in the manner pointed out, the assessment shall be made, and shall constitute a lien upon the lots, and shall be collected by the collector who is empowered to sell in default of payment. Charter, secs. 128, 129; Ordinance, 492. Now, if the charter made it necessary that, as a condition precedent to personal liability in addition to the lien upon the property, the city council should determine that there should be such liability, that body could not commit the decision of that question to the discretion of the city attorney, or any one else. But we do not see that personal liability is made dependent on the determination of the council that it shall exist. In addition to the section 130, above quoted, with reference to suit, the charter provides: "All taxes due the city, whether general or special, assessments for nuisances, improvements of streets, alleys, or sidewalks, or otherwise, may be collected by suit and liens upon real estate foreclosed in any court having jurisdiction."

The several provisions seem to contemplate that personal liability, as well as the charge upon the property, shall result from the making of the assessment in accordance with the charter and the ordinances, and that no declaration of such liability by the council to that effect shall be necessary. When the course of procedure essential to valid assessment has been completed and the assessent made, the personal liability

of the owner, as well as the lien, at once results. The part of section 130 which gives power and makes it the duty of the council to provide for the carrying out of the powers conferred, has general reference to the powers given in all the provisions of the title, and was doubtless intended to authorize the adoption of such additional rules, consistent with the charter, regulating details as might be found necessary to the practical execution of the work. It can not be construed as impairing a power unconditionally conferred, or a liability directly imposed by the charter itself. Thus, as the charter itself makes the assesment, when completed, a lien upon the property, this clause of section 130 can not be construed as making an ordinance or resolution declaring such lien essential. And so with the power to institute suit for the sum assessed. As the charter makes personal liability result from the assessment, no ordinance or resolution of the council, beyond the taking of the steps essential to a valid assessment, is required to give rise to such liability.

But the ordinance in regard to suit, considered in connection with the provisions of the charter, shows clearly that the city council did determine that there should be personal liability. By providing, in nearly the same language as that of the charter, that suits might be brought to collect the amount due, it exercised whatever discretion it had on that question. It left it to the city attorney to determine the time when suit should be brought, but not to determine whether or not the right to sue should exist. The time when suit should be commenced was not a matter about which an ordinance, or fixed rule of any kind, was necessary. The right of action having become fixed, the proper authority could order suit whenever it thought proper. The resolution of October, 4, 1893, was nothing more than a requirement that the city attorney do what the council could have ordered at any time after the assessment became due. It furnished competent authority to the attorney to institute suit, but added nothing to and took nothing from the proceedings by which the city's rights to sue was created.

The sixth special exception was that the petition failed to allege that the assessment was entered by the collector in the book required by the ordinance, and that the collector had given the defendant the thirty days notice therein required. The ordinance referred to is as follows: "The collector shall enter said assessments in a book to be kept in his office for that purpose, and shall proceed to the collection of said assessments and interest as they fall due, giving to the owner or owners, his, her or their agent, thirty days written notice that such assessment and interest will be due and payable, and after the expiration of said period of notice said collector may levy."

A copy was attached as an exhibit to the petition, and was therein referred to and made a part of it. The petition also contained this averment: "That the collector of the city of Galveston duly notified the said appellant of said assessment, the time when the same was due and payable, but that notwithstanding such notices and that the time for the payment of said assessment has long since elapsed, said defendant

has failed and refused, and still fails and refuses, to pay the same or any part thereof."

We do not think that the entry of the assessment in the book was a condition precedent to the liability. The preceding provisions of the charter show, in our opinion, that the liability arose upon the making of the assessment, based upon the roll required by those provisions, and that the entry in the book was required merely for purposes of convenience and the preservation of evidence. Texas Transportation Co. v. Boyd, 67 Texas, 160.

As to the allegation concerning notice, a majority of the court holds that, in connection with the ordinance attached to the petition and referred to, it was sufficient. The writer is of the opinion that the averment should have been directly and positively made that thirty days notice had been given, and that the special exception should have been sustained; but that, inasmuch as the unquestioned evidence showed such notice, it would be vain and useless to reverse the judgment upon this ground.

*Affirmed.*