## FLYNT et ux. v. CITY OF KINGSVILLE.
### No. 8817.

Court of Civil Appeals of Texas.
San Antonio.

April 27, 1932.

Rehearing Denied June 1, 1932.

E. B. & Howell Ward, of Corpus Christi, for plaintiffs in error.

E. H. Crenshaw, Jr., and C. L. Gordon, both of Kingsville, for defendant in error.

COBBS, J.

Plaintiff in error T. A. Flynt, and wife, Willie Flynt, bring this writ of error from a judgment by default rendered against them jointly and severally for $197.76, with interest at the rate of 7 per cent. for $100 attorney's fees taxed as costs, and for foreclosure of a lien upon certain real estate in the city of Kingsville. It is a suit to foreclose an assessment lien upon certain property. The appeal is based upon assignments such as (1) those attacking the sufficiency of the petition or the evidence, (2) those attacking the validity of the service, and (3) those attacking the validity of the judgment.

It is alleged in the petition that the persons or owners of the property were caused to "be duly and legally notified that certain streets had been ordered paved and an assessment would be levied against the abutting property owners, which notice was given by registered letters mailed and received by the owners," and that in addition thereto "plaintiff gave notice as required by law by making publication of such notice at least three times in the Kingsville Record, * * * that such notice appointed a time for a hearing of any protest that might be filed by the owner abutting on said street; that no protest against the paving of said street was filed."

The petition was in all respects sufficient to show the issues involved in this suit. It showed that statutory notice was given to plaintiffs in error of a hearing at which they could protest against an assessment; and the pleadings and the evidence were amply sufficient to support the judgment.

It was alleged and proved that the citizens of Kingsville, at an election for that purpose, voted to adopt the state paving law

set forth in title 28 of the Revised Statutes. The power of the city is shown in articles 1086 to 1096, and it is provided by article 1104 that the benefits of such article and of articles 1086 and 1096 shall apply to any city when a majority of the voters, at a special election, shall vote to adopt the same. In the present case the municipality was not required to strictly follow the provisions of its charter. Bennison v. City of Galveston, 18 Tex. Civ. App. 20, 44 S. W. 613. If plaintiffs in error desired to raise any question of exemption, the burden was upon them to plead and prove the property as exempt. The proof and pleading do not show a homestead exemption. The burden was on them to so show. Blair v. Guaranty Co., 54 Tex. Civ. App. 443, 118 S. W. 608.

Where a charter is by its provisions made an act of which all courts must take notice, it is not necessary to plead it. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631.

It was not necessary to prove that the property was benefited in excess of the cost of the pavement, since article 1101 of the Revised Statutes, covers that subject and gives power to the city to adjust the matter.

As the statute provides that the owners of property abutting the street paved shall be liable for the assessments against it, all defenses and exceptions must be asserted by the owners or they are waived. City of Dallas v. Morris (Tex. Com. App.) 36 S.W. (2d) 702.

It was proper to allow interest on a part of this indebtedness at the rate of 7 per cent. per annum; any amount not exceeding 8 per cent. being authorized by law. Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631.

The defendant in error had the right to provide for the payment of two-thirds of the cost of paving in installments at the option of the debtor, and to provide that a failure to pay any installment when due should mature the entire obligation.

Article 1090 provides that the governing body of a city shall have the power by ordinance to assess not to exceed three-fourths of the cost of any improvement of streets other than sidewalks and curbs against the owners of property abutting on such improvement and against their abutting property benefited thereby "and to provide for the time and terms of payment of such assessments and the rate of interest payable upon deferred payments thereon, which rate shall not exceed eight [8%] per cent. per annum," etc.

Article 1102, R. S., does not apply to this case, but applies to cases where on account of lack of funds a reassessment has been made necessary. Simms v. City of Mt. Pleasant (Tex. Civ. App.) 12 S.W.(2d) 837.

The petition shows upon its face that the said parties T. A. Flynt and Willie Flynt are married, and the land is the common property of husband and wife and not her separate estate. Of course any personal judgment against her is a nullity, and as to her the judgment is reversed and rendered, but as to T. A. Flynt the same is affirmed, and the costs are taxed against the city of Kingsville.