SOUTHWESTERN LLOYDS V. CITY OF WHEELER ET AL.

No. 6936.   Decided November 10, 1937.
Rehearing overruled January 12, 1938.
(109 S. W., 2d Series, 739.)

*Reynolds & Heare,* of Shamrock, and *Wallace & Wallace,* of Cameron, for plaintiff in error.

In the absence of any plea of non est factum, the evidence introduced by the defendant over the objection of the plaintiff seasonably made and urged, presented no issue of fact, in view of the recitals contained in the warrants themselves. City Water Works v. White, 61 Texas 536; McCord v. Citizens Hotel Co., 287 S. W. 906; Miles Realty Co. v. Dodson, 8 S. W. (2d) 517.

*R. H. Forrester,* of Wheeler, and *Sanders & Scott,* of Amarillo, for defendant in error.

If the certified copy of the ordinance ratifying the contract by which the appellant created the debt sued upon and providing for a tax levy for interest and sinking fund, introduced over appellant's objection, be admissible, then there is no question but that the enactment of such ordinance provided for a tax levy, and such issue should have been submitted to the jury. City of Weslaco v. Porter, 56 Fed. (2d) 6; Risk v. City of Shamrock, 61 S. W. (2d) 153; 30 Tex. Jur. 311-315.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

Plaintiff in error, Southwestern Lloyds, brought this suit against the City of Wheeler, Texas, to recover on six sanitary equipment warrants, each for the sum of $500.00, and bearing interest at 6 per cent. The parties will be designated as in the trial court.

On an instructed verdict plaintiff obtained a judgment in the district court for the full amount sued for, but this judgment was reversed by the Court of Civil Appeals and the cause remanded. 81 S. W. (2d) 188. In the opinion of the Court of Civil Appeals will be found a full statement. of facts.

■ The defendant denied liability on the warrants on the ground that the burden was upon plaintiff to allege and prove that at the time the indebtedness represented by the warrants was created the city, through its governing body, provided for a tax sufficient to discharge the interest and to create a sinking fund

for retirement of the warrants at maturity, as provided by Section 5 of Article 11 of the State Constitution. The Court of Civil Appeals held with the defendant upon this proposition. In this there was error. City of Belton v. Harris Trust & Savings Bank, 273 S. W. 914, 923; affirmed in 283 S. W. 164 (Com. App.).

The main question for decision here is whether or not the evidence was sufficient to raise an issue of fact which, if found by a jury, would overcome the prima facie case made by said warrants.

It is undisputed that on May 7, 1930, the City of Wheeler by its city council entered into a contract with the Sanitary Appliance Company, Inc., for the installation of certain sanitary equipment, which contract was fully approved by resolution; that in pursuance of such contract the Sanitary Appliance Company, Inc., furnished and installed the equipment in accordance with the contract; that on June 4, 1930, said equipment was duly accepted by the city and the warrants issued properly executed, which were delivered to the Sanitary Equipment Company, Inc., with recitals in the warrants that the city had received full value and consideration for said warrants; that the city retained and used said equipment, and, so far as this record discloses, was still in possession of the equipment and using same at the time of the trial of this case. It is not disputed that everything was done that should have been done to make the warrants valid, except it is contended that the city council did not formally make provision for the levy of a tax to pay interest and create a sinking fund.

It is undisputed that at the time of the delivery of the warrants there was delivered to the agent of the Sanitary Appliance Company, Inc., a transcript of proceedings, which transcript contained a copy of an ordinance of date May 7, 1930, approving the contract, making provision for the issuance and delivery of the warrants, and levying a tax for the purpose of paying interest and creating sinking fund. Such transcript also contained copy of an ordinance of date June 4, 1930, reciting performance of the contract, acceptance of the equipment, and directing the execution and delivery of the warrants, with acknowledgment that the city had received full value and consideration for said warrants. It also contained a certificate by the mayor, the city secretary and city treasurer that the equipment had been duly inspected, that it was found satisfactory, that the contract had been fully performed, that the claim had been duly audited and allowed, that the warrants had been issued, and that the city had received full value and consideration for same.

Said transcript further contained a financial statement, showing taxable values of the city, the amount of taxes levied, and the amount allowed by the law and the charter of the city, as well as other matters not necessary to mention.

It is undisputed that this transcript of proceedings was delivered to the authorized agent of the Sanitary Appliance Company, Inc., at the time of the delivery of the warrants, and was by him taken to Cameron, Texas, where the transcript and warrants were submitted to plaintiff Southwestern Lloyds, with opinion of an attorney as to the regularity and validity of said warrants; and that without actual notice of any infirmities, and in reliance upon the statements and recitals in the warrants and in the transcript of proceedings, the plaintiff purchased said warrants at the price of 97 1/2 cents on the dollar.

To the foregoing mentioned transcript was attached a certificate by the then city secretary to the effect that the instrumens therein contained were true and correct copies of ordinances by the city council of the City of Wheeler, "as the same were of record in the Minutes of said city council, Volume 2, page 3."

There was also offered in evidence by the plaintiff, but not admitted by the trial court, a transcript of proceedings identical with the one above mentioned. This transcript was found in a letter file kept in the office of the former city secretary as a part of the files of that office. As we gather from the testimony it also had a certificate by the city secretary similar in all respects to the certificate referred to above.

The city secretary at the time of the trial testified that he had made diligent search for Volume 2 of the Minutes and was unable to find such a book, and so far as he was able to ascertain there never was such a volume. It was further shown by his testimony that all of the recorded proceedings of the city council from the time of its organization to the date of the trial took up only a part of Volume 1 of the Minutes. The testimony also showed that there were certain orders and resolutions of date May 4, 1930, pertaining to the contract mentioned, recorded in Volume 1, but no record of either of the ordinances included in the transcripts above mentioned.

Over objection by plaintiff, the trial court admitted the testimony of the former mayor and two of the former members of the city council to the effect that no ordinance was passed levying a tax, such as appeared in the transcripts mentioned.

■ In support of the judgment of the trial court it is contended by plaintiff that in the absence of a plea of non est factum, or fraud, defendant was not entitled to question the validity of

the warrants, even on the ground that no order or ordinances was passed making provision for a tax to support the warrants, as required by the Constitution. It is our opinion that this defense went to the question of the power of the city to issue the warrants, and could be raised under a general denial, without verified plea or affidavit as required by Articles 2010 and 3734 of the Revised Statutes.

It is further contended by plaintiff that in the absence of pleas non est factum, or of fraud, parol proof was not admissible to show that no ordinance was ever passed by the city council, because, as contended by it, the certified copy contained in the transcript delivered to the agent of the Sanitary Appliance Company, Inc., was conclusive proof of such ordinances. We need not decide whether the parol proof was admissible in the absence of such a plea, because we are of the opinion that the proof tending to show that there never was any Volume 2 of the Minutes and the proof showing a part of the proceedings to be recorded in Volume 1, where such ordinance would probably have been recorded, if passed and recorded at all, cast such suspicion upon the certified copies in the transcript as to raise an issue of fact; and the trial court should have submitted to the jury the question of whether or not an ordinance was ever actually passed.

■ We call attention to the fact that the Court of Civil Appeals was in error in holding in effect that an ordinance was not effective until recorded in the minutes. Under our statutes, an ordinance of a city such as is the City of Wheeler, need not be recorded in order to become effective. West Texas Construction Co. v. Doss, 59 S. W. (2d) 866, affirmed 128 Texas 339, 96 S. W. (2d) 1116. This may be important in connection with the copies of ordinances found in the files of the city secretary.

■ The Supreme Court is of the opinion that there should be no estoppel allowed under the facts of this case, but is of the opinion that if the warrants are found void plaintiff has a right to seek a recovery on the theory of quantum meruit, which was pleaded in the alternative, under authority of such cases as Sluder v. City of San Antonio, (Com. App.) 2 S. W. (2d) 841, and West Audit Co. v. Yoakum County, (Com. App.) 35 S. W. (2d) 404.

As the trial court instructed a verdict and did not pass upon the question of limitation, we are not required to decide when limitation would begin to run under the facts adduced.

For the reasons stated herein, the judgment of the Court of Civil Appeals remanding the case for another trial, is affirmed.

Opinion adopted by the Supreme Court November 10, 1937.
Rehearing overruled January 12, 1938.