**COLLINS v. CITY OF ELDORADO et al.**

No. 8716.

Court of Civil Appeals of Texas. Austin.

Nov. 23, 1938.

Rehearing Denied Dec. 14, 1938.

Murphy & Leslie, of San Angelo, and John D. McCall and Milliard Parkhurst, both of Dallas, for appellant.

Joab Campbell, of Eldorado, for appellees.

McCLENDON, Chief Justice.

This appeal involves the sole question whether a city, organized under the general laws and having adopted the powers conferred therein (R.C.S. Art. 1015), has the power to contract for the purchase of sanitary pit toilets, to be owned by the city and rented to property owners in order to enable them to comply with a sanitary ordinance of the city.

In 1930 the city of Eldorado purchased from Sanitary Appliance Company 100 units of sanitary pit toilets and issued its warrants therefor due in one to five years. These toilets are identical with those involved in American Nat. Ins. Co. v. Donald, 125 Tex. 597, 83 S.W.2d 947; and Southwestern Lloyds v. City of Wheeler, Tex.Com.App., 109 S.W.2d 739. In the Donald Case the purchase was under Art. 1111, and the power was denied the city because the articles purchased were not a part of any unit of a public utility authorized by Art. 1111 or amendments thereto, Vernon's Ann.Civ.St. art. 1111. The purchase in the City of Wheeler Case was not made under Art. 1111, but under the general powers granted by Art. 1015. That case presented the fact question whether the city had passed an ordinance in compliance with Const. Art. 11, § 5, Vernon's Ann.St.Const. art. 11, § 5, providing for a tax sufficient to pay interest and provide a sinking fund to retire the warrants. The cause was remanded to determine this fact issue; but it was further held "that if the warrants are found void [for want of an ordinance providing for interest and sinking fund] plaintiff has a right to seek a recovery on the theory of quantum meruit, which was pleaded." [page 741.] The Donald and the City of Wheeler decisions were by the same section of the Commission, rendered a little over two years apart, with no change meanwhile in the personnel of the Commission. While power of the city to purchase the articles was not expressly raised in the City of Wheeler Case, it was necessarily involved in the right of the plaintiff to recover on a quantum meruit; since right to recover for the value of the articles necessarily depended upon the power of the municipality to contract for their purchase. See Baldwin v. Travis County, 40 Tex.Civ.App. 149, 88 S.W. 480, error denied. In sending the case back for a new trial with the unequivocal assertion that the plaintiff "has a right to seek recovery on the theory of quantum meruit" in case the warrants should be held void for the reasons stated, the Supreme Court could hardly have overlooked the question of the city's power to purchase the articles;

since that question could readily be raised upon another trial.

Independently of the effect of the City of Wheeler holding, we are clearly of the view that the city had the power to purchase the articles.

 Proper sanitation and measures reasonably appropriate to effectuate it are generally within the police power of cities. 3 McQuillin on Mun.Corp., pp. 169–178, §§ 969–971. Ample powers to that end are conferred by Sections 1, 8, 10 and 11 of Art. 1015. The city would without question have the power to purchase appliances for the removal of excrement and other filth, garbage, etc., from private premises. The purchase of the appliances in issue, to facilitate compliance with the sanitary ordinance, we think, clearly within the city's general powers to promote the public health.

The record shows that every step essential to the validity of the warrants was taken, leaving, as already stated, the only question for decision the power of the city to make the purchase.

The trial court's judgment is reversed and judgment is here rendered for appellant for $2,342.25, with 6% interest per annum thereon from February 5, 1937, and all costs of suit.

Reversed and rendered.