CITY OF ELECTRA v. AMERICAN LA
FRANCE & FOAMITE INDUS-
TRIES, Inc.

No. 13968.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 20, 1939.

Rehearing Denied Nov. 24, 1939.

J. S. Liéb and C. P. Engelking, both of Electra, for appellant.

Saner, Saner & Jack and W. H. Jack, Jr., all of Dallas, for appellee.

SPEER, Justice.

American LaFrance & Foamite Industries, Inc., a foreign corporation, with a permit to do business in Texas, sued the City of Electra, a municipal corporation, for debt. For convenience, we shall give the parties the same designation as that carried by them in the trial court.

From the pleadings of plaintiff, it appears that it sold to defendant 1,200 feet of water hose for the agreed price of $1,-320. A written contract, of date September 19th, 1934, was entered into between the parties, setting out the terms of the sale. This contract was executed in the name of plaintiff, acting through Horace Coker, as its agent, and by defendant, signed "City of Electra, by John Houser, City Sec." That by the terms of the contract, plaintiff was to deliver the hose within thirty days from the approval of the contract by plaintiff, and payment was to be made by defendant in instalments as follows: $345 within sixty days from date of delivery of the hose, and the remainder to be evidenced by ten notes, nine of which were to be for $65 each and one for $390, all payable within twelve months; each to bear six per cent interest per annum. That all of said notes were executed and signed in the same manner as the contract shown above. The nine notes for $65 each were made due and payable on the 19th day of the months of January to September, both inclusive, 1935. The $390 note was made due and payable on September 19th, 1935. The notes provided for interest at six per cent per annum from December 19th, 1934, and that all past due interest should bear interest at ten per cent per annum, and that if default was made in payment and they should be placed in the hands of an attorney for collection, an additional amount of ten per cent of the principal and interest unpaid should be added as collection fees.

Plaintiff further plead that it had delivered the hose according to the terms of the contract, the payment by defendant of the cash instalment of $345 and the two $65 notes maturing January and February 19th, 1935, respectively; that defendant had made default in payment of the remaining seven notes for $65 each and the $390 note; that all had been placed in the hands of its attorneys for collection under promise to pay the amount provided in the notes as collection fees. Plaintiff asked for judgment for the amount of principal and interest due, a foreclosure of its lien and for general and special relief.

Alternative pleas were made by plaintiff to the effect that if no valid sale of the hose was made, then an implied rental contract was made between the parties. However, viewing the appeal as we do, all alternative pleas have become unimportant.

Defendant answered with general denial and special pleas that (a) the notes sued on were not the obligations of the City of Electra and that their signing by the City Secretary was unauthorized by the City; (b) that no resolution or ordinance was passed by the defendant authorizing the purchase of the hose, as required by the City's charter, and that no legal authority was ever granted by the defendant to the secretary to execute the contract and notes set out in plaintiff's petition. Pleas of limitation were interposed by defendant to plaintiff's claim for rentals, and as against any implied promise to pay.

By supplemental pleadings, the plaintiff plead ratification by plaintiff and estoppel to deny the purchase and obligation to pay.

No jury being demanded, the court heard and passed upon the evidence and entered judgment for plaintiff in the sum of $1,228.-97, recited to be "based upon instruments in writing executed by defendant, together with a foreclosure of lien", described in other parts of the judgment. Further judgment was entered for the small sum of $5.-33 on open account, about which there seems to be no controversy.

Since the court rendered judgment based on the written instruments sued on, alternative pleas by plaintiff that defendant subsequently ratified the sale and purchase, and thereby impliedly promised to pay, as well also the defenses plead by defendant of limitation, necessarily go out of the case, insofar as they affect this appeal. We are concerned only with the judgment as entered based on the written instruments.

Defendant, City of Electra, appellant here, predicates its appeal upon ten assignments of error and presents them under three propositions, the first one of which reads:

"The written contract and notes signed merely 'City of Electra, by John Houser, City Sec.' does not constitute a valid binding obligation of said city because same was neither authorized nor ratified by any act of the City Commission of the City of Electra."

The substance of the second proposition is that since it was indisputably established by the evidence that the duty of the City Secretary was to attend the meetings of the City Commission, keep accurate minutes of the proceedings and enroll all resolutions and ordinances passed; and it being further established by uncontradicted evidence that the City Commisson could act in such matters as those under consideration only by ordinance, upon which a majority had voted favorably, it was error for the trial court to admit parol testimony over defendant's objection, to prove that such ordinance and resolution were in fact passed by the City Commission, when none was shown to exist in the minute books.

The third proposition is to the effect that the judgment of the court, based on the written instruments sued on, is not sustained by parol testimony that the City Commission did, at a regular session, pass an ordinance or resolution to purchase the equipment from plaintiff and to authorize the City Secretary to execute the instruments in writing relied upon by plaintiff, when the minutes of said meeting did not disclose that such ordinance or resolution was in fact passed by the City Commission.

 The nature of these propositions is such that they may be best discussed together. The first one considered alone, presents a sound principle of law. No one would seriously contend that a City Secretary could bind the municipality by an attempt to make a contract such as this one, without proper action being taken by the governing body. It therefore becomes essential to ascertain (1) did the City Commission, by a majority vote, while in business session, pass the ordinance or resolution to purchase the plaintiff's goods and authorize the secretary to execute the necessary papers in the name of the City, and (2) if in fact the Commission did pass the necessary resolution and the Secretary failed to record it in the minutes, was it error for the trial court to admit parol evidence to prove that the ordinance was passed purchasing the goods and authorizing the secretary to do the ministerial act of preparing and executing the papers?

There is little or no conflict in the evidence which is material to this appeal. E. W. Presson, who was secretary of defendant at the time of trial, and who was custodian of the records of the City, testified that there was nothing in the minute books kept by his predecessor showing a resolution or ordinance passed by the City pertaining to the sale and purchase of plaintiff's merchandise.

John Houser, who was the City Secretary at the time of the alleged sale and purchase, testified that he remembered the transaction. He executed the papers sued on; he did not know who gave him the authority to execute the instruments, but that somebody did; he would not have executed them without being told to do so; he had not thought of the transaction since it took place. He did not remember what was said by the mayor and Commissioners in regard to the purchase. Upon inquiry of counsel as to whether or not he wrote up the minutes of each meeting, he said: "I could not say that I wrote everything that was done at the meetings; I think some minutes were made at each meeting, but possibly not everything that was done at the meeting; quite often things were discussed and done that were not written up. I put in those things I thought were necessary; sometimes a purchase was made or things done that did not seem necessary to go in the minutes."

Horace Coker testified that he was a salesman for plaintiff and sold to defendant the hose and made the contract sued on; that before the contract was made, at the invitation of the mayor, he attended a meeting of the City Commission at a regular session, where all commissioners, the mayor and other city officials were present. That the matter of purchasing the hose was discussed by the commissioners; that a motion was made and carried at the meeting to purchase the hose upon the terms and conditions that the witness had discussed with the commissioners; the contract and the notes, as they were executed, covered the sale and its terms as previously discussed and agreed upon by the commissioners. Witness also testified that the Commission had agreed to make payment out of funds from the water department. That the hose was later delivered to the defendant and used by it in its fire department. He also stated that such equipment was essential and necessary for use by a municipality for fire protection.

In addition to the fact that defendant had accepted the equipment and had constantly used it for the purposes for which it was purchased, had made the cash payment of $345.00 and payment of two $65 notes, in support of its allegations of ratification and estoppel, plaintiff offered in evidence letters written by the City Secretary during 1935 and 1937, in which requests were made of plaintiff to forbear with defendant in the payment of the remaining notes; one of said letters was dated July 1st, 1937, and stated that the City Commission had asked the secretary to contact plaintiff and procure further leniency in the enforcement of payment of the notes. The Secretary who wrote the letter testified that he had done so at the request of the City Commission. There are other matters in this letter, which he testified that the commissioners did not request him to write, but we think the statements referred to are of little consequence in this controversy.

█ As above stated, the contention of defendant is that since the minutes of the meeting held by the City Commission does not contain a resolution or ordinance shown to have been passed by the Commission, authorizing the purchase and execution of the contract and notes, the trial court erred in permitting the introduction of parol evidence to that effect and consequently there was no competent evidence to support the judgment based on the written instruments. With this contention we cannot agree. Assuredly, it was the duty of the secretary to keep a correct record of the proceedings of the City Commission, but this duty on his part was a ministerial one and directory only. His failure to perform that duty would not defeat the rights of plaintiff to enforce performance of a contract which in truth and in fact was duly and legally authorized by the Commission. It was not essential to the validity of the contract authorized by the Board of Commissioners that the secretary record it in the minutes. The determining factor is, did the Board pass the resolution and authorize the contract and notes in the purchase of the equipment.

█ The witness, Horace Coker, testified definitely that the motion to purchase the equipment at the price and upon the terms later set out in the written instruments, was made by one of the commissioners, was seconded by another, the motion put and carried. No witness attempted to deny that

his testimony was true; no person testified to the contrary. It is significant, we think, that neither of the city commissioners nor the mayor, although the latter is still serving in that capacity, took the witness stand to testify in the case. It is true that Coker was interested in behalf of his principal, but the truth of his testimony is not questioned by anyone. It was no violation of the parol evidence rule to permit Coker to so testify. His testimony was not in contradiction of the written minutes, but supplemental to them. Such testimony supplied the only existing evidence of the orders of the commissioners. We think defendant's contention is against the rule well established in this State. Some of the authorities on this point and their holdings are as follows:

In Yorktown Independent School District v. Afflerbach, Tex.Com.App., 12 S.W. 2d 130, the court had under consideration whether or not the District had levied a tax when the minutes of the proceedings did not disclose it. Parol evidence of the order was admitted by the court over objections of the District and the court held it was not error, using this language (page 132 of 12 S.W.2d): "It is of course true that the minutes of the board of trustees would afford the highest evidence of the action of the board and that such minutes cannot be varied or contradicted by parol evidence, but it does not follow that where the board has acted and the minutes fail to show such action that parol evidence will not be heard to show the real action taken. The admission of such parol evidence is not in anywise to vary or contradict the minutes, but it is to supply the only existing evidence of the actual orders of the board. It is not the actual entry in the minutes of the record of the board's action that gives validity; such record is but evidence. The important consideration is the act of the board. See Mecom v. Ford, 113 Tex. 109, 252 S.W. 491; Martin v. Grandview School Dist. (Tex.Civ.App.) 266 S.W. 607 (writ refused); 22 C.J. p. 1041, § 1296, and page 1085, § 1426."

In the early case of City of Belton v. Sterling, Tex.Civ.App., 50 S.W. 1027, appellee had sued appellant on a paving contract. The minutes of appellant failed to show that any such contract between the parties was entered into. The trial court admitted parol evidence, over appellant's objection, to show that the contract was made between Sterling and the City Coun-

cil. The court said: "The fact that the city, or the officer charged with the duty of making a record or minutes of the proceedings of the council, failed to enter upon the minutes the contract in question, would not defeat the right of the plaintiff [Sterling] to prove by parol evidence the contract actually entered into."

West Texas Construction Co. v. Doss, Tex.Civ.App., 59 S.W.2d 866, 869, affirmed by Supreme Court, 96 S.W.2d 1116, involved a recovery by appellant against appellee upon paving certificates. The defendant, Doss, defended upon the ground that the minutes of the City Council did not show an ordinance recorded, making the assessment; or at any rate, the minutes were incomplete in this respect. It was held that parol evidence was admissible to prove the entire ordinance, and in doing so the minutes were not contradicted but explained, so as to make them speak the truth. Citing 2 Dillon on Municipal Corporations, sect. 557. The opinion further cites with approval the expression by the last mentioned eminent author using this language: "Statutory and charter provisions that ordinances shall be *recorded, signed* by the presiding officer and *attested* by the clerk, are directory only in their nature, and a failure to observe them will not invalidate an ordinance or prevent its taking immediate effect."

Again, the court cites section 607 of the same text, to this effect: "Within this principle also, * * * it has been held that the validity of an ordinance is not affected by the omission of the clerk to copy it into the record, or by the fact that it was not correctly copied into the record."

In support of the holding, these authorities are cited: 43 C.J. p. 539, sect. 873; Hutcheson v. Storrie, Tex.Civ.App., 48 S. W. 785; Bennison v. City of Galveston, 18 Tex.Civ.App. 20, 44 S.W. 613. To these citations may be added: Waggoner v. Wise County, 17 Tex.Civ.App. 220, 43 S.W. 836, writ refused; Southwestern Lloyds v. City of Wheeler, 130 Tex. 492, 109 S.W.2d 739; 30 Tex.Jur. p. 199, sect. 103 et seq.; 19 R.C.L. p. 902, sect. 203; McQuillin Mun. Corp. (Second Ed.) p. 640, sects. 654 and 655.

No criticism can be offered to the defendant, City of Electra, for interposing any legal excuse or reason for resisting payment of a debt claimed by another against it. But when, as in this case, the evidence shows without dispute that a resolution was in fact passed by the City Commission to purchase the equipment from plaintiff in the manner and under the terms claimed by plaintiff, and that the City Secretary failed to record such proceeding, equity and right would not penalize plaintiff for the dereliction of defendant's officer. We have no doubt, based upon the authorities cited, that it was entirely proper for the trial court to admit parol evidence to prove that such an ordinance or resolution was in fact passed by the defendant's governing body.

The authorities cited by defendant to support its contention are not in point, in that they uniformly hold that an officer of a city, such as mayor, councilman, fire chief or secretary, cannot bind the city by contracts with persons or corporations in the purchase of equipment, such as that under consideration here. They hold that it takes an official action of the governing body. In none of the cases cited by defendant does the question arise, of the admission of parol evidence to prove that an ordinance was passed, when none was shown by the minutes. For example, City of Mission v. Eureka Fire Hose Mfg. Co., Tex. Civ.App., 67 S.W.2d 455, writ dismissed, involved a suit by the fire hose company against the city for equipment, purchased by the Fire Chief at one time and by the mayor at another. The petition declared upon an express contract made by the officers mentioned. Neither of the purchases was shown to have been authorized by the City's governing body, and it was held that claimant could not recover. Such authorities do not support the contention made by defendant in this case. We think there is no merit in the propositions urged and they are accordingly overruled.

From what we have said with respect to the validity of the contract and notes sued on, we shall not discuss the contentions of plaintiff to the effect that defendant subsequently ratified the acts of the City Secretary in executing the contract and notes, and by its acts estopped itself to deny the validity of the instruments sued on.

■ As above shown, the written instruments sued on by plaintiff, provide for future payments of stipulated amounts, together with interest at six per cent per annum from September 19th, 1934, to date of payment. There is a further provision that past due *interest* shall bear interest at ten per cent. There is also included the ten per cent collection charges if default

in payment is made. The principal of the obligation represented the value of equipment acquired by defendant, for which it got the benefit; likewise the six per cent interest was equal to the legal rate imposed by law for money or other property detained. The commissioners had a perfect right to contract for these and bind the municipality for their payment. We know of no authority given to the commissioners to obligate the City to pay collection or attorneys' fees in the form of a penalty if default should be made in payment of its just obligations; but we believe the rule to be that City Commissioners could not so bind the municipality. Western Metal Mfg. Co. v. Cameron County Water Imp. District, Tex.Civ.App., 105 S.W.2d 700, writ dismissed; Tyler v. Shelby County, 5 Cir., 47 F.2d 103, and authorities there cited.

From the pleadings and judgment of the court, it is apparent that an error was made of which we must take cognizance; it is fundamental. The judgment shows that it was rendered on the instruments in writing. These instruments or notes aggregate in principal $845. Each note bears interest at six per cent per annum from December 19th, 1934, until paid. The judgment was entered on May 16th, 1938. The notes further provide that past due interest shall bear interest at the rate of ten per cent per annum. The judgment as entered is for $1,228.27, and bears interest from date of entry at ten per cent per annum. The amount of the judgment is in excess of the amount for which it should have been, and should not bear interest from its date at the rate named. By a calculation it will be observed that the principal of the notes sued on is $845. Six per cent interest per annum from December 19th, 1934, to date of the judgment is $185.41, and interest at ten per cent on past due interest is $18.54, all of which aggregates $1,048.95, to which amount should be added $5.33, represented by the open account, a grand total of $1,054.28.

We therefore reform the judgment of the trial court so that it shall be in favor of plaintiff for $1,054.28, to bear interest at six per cent per annum from May 16th, 1938, on $850.33 (the principal and open account), and ten per cent per annum on $203.95 accrued and past due interest. For reasons stated above, we hold that plaintiff cannot recover collection or attorneys' fees.

In all other respects the judgment is undisturbed.

As thus reformed, the judgment of the trial court is affirmed. The costs of this appeal are taxed against plaintiff, the appellee here.

Reformed and affirmed.