**C. G. ROOT, Appellant,**

v.

**TEXAS BITULITHIC COMPANY, Appellee.**

No. 3393.

Court of Civil Appeals of Texas.

Eastland.

Sept. 19, 1958.

Rehearing Denied Oct. 3, 1958.

V. K. Wedgworth, Mineral Wells, for appellant.

Ritchie, Ritchie & Crosland, Dallas, for appellee.

GRISSOM, Chief Justice.

Texas Bitulithic Company sought judgment against C. G. Root for the amount of a paving assessment levied by the City of Mineral Wells against Root and his property to foreclose a lien under the provisions of a paving certificate issued to plaintiff by the city. Root filed no denial but he did file a cross-action seeking $6,000 damages because the paving and curbing was constructed within two feet of his property line. The company answered the cross-action with allegations that its construction was in accord with its contract and the plans and specifications of the city and was accepted by the city. At the conclusion of the trial the court sustained the company's motions, discharged the jury and rendered judgment for Texas Bitulithic Company for its debt and foreclosure of its paving lien and decreed that Root take nothing by his cross-action. Root requested the court to submit two charges and then moved for a peremptory instruction. Said motions were overruled. Root has appealed.

■ Appellant's points are that the court erred in withdrawing the case from the jury and rendering judgment for the company, in overruling appellant's motion that the company take nothing and in refusing appellant's requested charges. (Said charges are not set out in appellant's brief as required by Rules of Civil Procedure, rule 418(c).)

The company introduced its certificate of assessment which contained the usual provisions of such a certificate. It stated the assessment was levied by virtue of an ordinance and other proceedings of the city and that the proceedings with reference to the improvements were regularly had in compliance with the charter and that all prerequisites to fixing a lien and personal liability evidenced by said certificate had been performed and that the improvements had been completed in compliance with the contract and accepted by the city. The reasonableness of the attorneys' fees sued for and the regularity of the proceedings, or "paper work", were agreed to. Root introduced a 1909 ordinance of the city which provided, in effect, that the curb line should be eight feet from Root's property. Under the decision of this court, expressly approved by the Supreme Court, in West Texas Construction Co. v. Doss, Tex.Civ.App., 59 S.W. 2d 866, 868, affirmed Tex.Com.App., 96 S.W. 2d 1116, the action of the court in rendering judgment for the construction company on the certificate must be affirmed. The court said:

"The city, through its city council, having the power to make the assessments and issue the paving certificates and to make the recitals therein, such recitals 'that all proceedings with reference to making such improvements have been regularly had in compliance with the law and the terms of this certificate and that all prerequisites to the fixing of the assessment lien against the herein described property and the personal liability of the owners thereof have been performed,' etc., are to be regarded as prima facie true. The certificates themselves were prima facie evidence of their validity and therefore of the validity of the assessments which they represented.

\* \* \* \* \* \*

"The burden was thus cast upon the defendants to show the invalidity, if any, of the assessments."

■ There was no contest as to the regularity of the proceedings. The construction company made out a prima facie case by introduction of its certificate and no legal defense thereto was presented.

■ We have given careful consideration to appellant's contention that its cross-action for damages should have been submitted to the jury. However, we have concluded that Root waived that claim by failing to present it at a hearing before the governing body of the city and to appeal from an adverse decision as required by Vernon's Ann.Civ.St. Article 1105b, § 9.

In Hume v. City of Amarillo, 128 Tex. 424, 99 S.W.2d 887, 888, our Supreme Court in an opinion by Judge Hickman, adopted and expressly approved the following from an opinion of the Court of Civil Appeals:

"Whether he attended the hearing or not, if he was duly notified to do so and failed, he is bound by the action of the city authorities in making the assessment, and he is conclusively presumed to have seen the plans and specifications present at the hearing and to have known that the grade of the street would be lowered in accordance with the plans and specifications. He does not base his right to recover in this suit upon any allegation that the city did not lower the grade in accordance with the plans and specifications furnished by its engineer. As shown above, section 9 provides, in part, that any property owner who shall desire to contest the assessment on account of the amount or with reference to such improvements shall have the right to appeal by instituting suit in the proper court within fifteen days, and, in the event of his failure to do so within the time limited, he 'shall be held to have waived every matter which might have been taken advantage of at such hearing, and shall be barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever.'

"Since this act was passed, amending the former statute, prior to the date of the passage of the ordinance and the levy of the assessment, it governs not only Hume's right to recover as to the amount of damages, but also to recover any damages 'with reference to such improvements' incident to lowering the grade, in the absence of proof that, in complying with the plans and specifications according to which the assessment was made, the city was guilty of negligence which resulted in the damages complained of, and the court erred in not directing a judgment in favor of the city."

The judgment is affirmed.