CITY OF ALVIN, Appellant,

v.

A. Guy CROUCH et al., Appellees.

No. 15525.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Oct. 16, 1969.

Rehearing Denied Dec. 4, 1969.

McNeal & Thrash, William W. McNeal, City Atty., Alvin, for appellant.

Paul F. Ferguson, Alvin, for appellees; Brown, Kronzer, Abraham, Watkins & Steely, Dale Harvill, Houston, on rehearing.

COLEMAN, Justice.

The City of Alvin brought suit against Crouch and others to foreclose a lien on property owned by them created by a paving assessment. The judgment entered sustained the validity of the assessment, but allowed appellees a set-off for the reasonable value of curbing and gutter previously constructed by appellees in the street right of way pursuant to an oral agreement between appellees and appellant's city manager.

The question to be determined is whether the City is liable on an implied promise to pay appellees the reasonable value of the improvements which were accepted and used by the City. Appellees do not now question the validity of the assessment levied against them.

Appellant's first contention is that the cause of action for the value of the street improvements constructed by appellees is

barred by the failure of appellees to appeal from the assessment and public hearing on benefits as provided in Section 9, Article 1105b, Vernon's Ann.Rev.Civ.St.

■ Basically appellant's contention must rest on the agreement that the existence of the curb and gutter in place along appellees' property line at the time the assessment was made could have been presented to the City before the assessment was levied on the "Front Foot Rule and Plan" was a factor to be considered in determining whether or not the assessment levied produced "a substantial equality of benefits received and burdens imposed". The existence of the curb and gutter was a matter pertinent to a determination of whether an application of the "Front Foot Rule or Plan" would result in injustice or inequality, and, therefore, was a matter which might have been taken advantage of at the public hearing on benefits.

Appellees failed to appeal from the action of the City in levying the assessment. In an action contesting the assessment appellees, by reason of this failure, must be "held to have waived every matter which might have been taken advantage of at such hearing." Further, appellees are "barred and estopped from in any manner contesting or questioning such assessment, the amount, accuracy, validity, regularity and sufficiency thereof, and of the proceedings and contract with reference thereto and with reference to such improvements for or on account of any matter whatsoever." Hume v. City of Amarillo, 128 Tex. 424, 99 S.W.2d 887 (1937).

■ Appellees insist that they are not contesting or questioning the assessment, the proceedings, or the contract so that the quoted words would not be applicable in the case. The statutory provision that by reason of the failure to file a timely appeal the property owners, if they are in fact contesting the assessment, must be held to have waived any matter which they might have taken advantage of at the public hearing on benefits, applies to matters which might affect the assessment, the proceedings, or the contract for the work.

It was stipulated that the city manager told one of the appellees that the current street program of the City "would allow defendants a credit for curb and gutter installed at their own expense, against a future assessment of the City of Alvin to be levied for the improvements of House Street." The jury found that the city manager orally agreed with one of the appellees that appellees would get credit for the cost of the curbing and gutter to be constructed by them and that this agreement was ratified by the City. It might be contended that the parties contemplated that the assessment would be levied in accordance with the applicable statutes, and that when the time for payment arrived appellees would have to pay only the difference between the amount of the assessment and the amount expended by them for the construction of the curb and gutter, and that, therefore, the agreement to repay appellees was entirely collateral to the assessment procedure.

■ The evidence establishes that the essential terms of the agreement relied on by appellees were available generally to all property owners. The Council necessarily had to be advised of the properties already improved with curb and gutter and the cost thereof before it could determine the net proceeds from a contemplated assessment and the funds that would be available to pay for the new improvements. This information could have affected the question of whether the assessments would be made on the "Front Foot Rule or Plan" and the amount of each assessment to be levied. The City Council was clearly authorized to consider these matters in setting the amount to be levied as an assessment against each lot and the owners thereof. The agreement was a matter which could have been asserted at the public hearing. It was not collateral to the proceeding since it was contemplated that repayment would be made out of the proceeds from the assessments and since the existence of

the improvements was pertinent on the question of the benefits received by the property owners. Hume v. City of Amarillo, 99 S.W.2d 887 (Tex.1937); Root v. Texas Bitulithic Company, 316 S.W.2d 293 (Tex.Civ.App.—Eastland 1958, error ref.).

■ That the matter of which complaint is here made should have been brought before the City at the public hearing is forcefully demonstrated by the wording of the assessment law. Section 7 of Article 1105b, R.C.S., provides that if, in the opinion of the governing body of the city, the application of the Front Foot Rule or Plan would, in particular cases, result in injustice or inequality, it shall be the duty of said body to apportion and assess said costs in such proportion as it may deem just and equitable, having in view the special benefits in enhanced value to be received by such parcels of property and owners thereof, the equities of such owners, and the adjustment of such apportionment so as to produce a substantial equality of benefits received and burdens imposed.

Section 9 of the Act contains this language: "* * * no assessment shall be made against any abutting property or owners thereof in excess of the special benefits of such property, and its owners in the enhanced value thereof by means of such improvements as determined at such hearing. * * *"

■ It may be that less money was expended on the improvements constructed in front of appellees' property than in front of some other property since it was not necessary to construct a curb and gutter, but, nevertheless, the value of appellees' property, by reason of the nature of the improvements located thereon, or some other relevant condition, may have been enhanced more than the other property located nearby. There is no evidence to disprove this view of the assessments levied, and none would have been admissible, even though the assessment per front foot was the same for all property on the street. Foxworth-Galbraith Lumber Co. v. Realty

Trust Co., 110 S.W.2d 1164 (Tex.Civ.App. —Amarillo 1937).

The City Council in fixing the assessment must be presumed to have given proper weight to the reasonable value of the existing curb and gutter which was used in the construction of the improvements. This is an application of the presumption that officials have properly performed their official duties. By reason of Section 9 of Article 1105b, the accuracy of their determination of special benefits cannot be questioned by appellees. It follows that appellees have been compensated for the expenditure made in constructing the curb and gutter.

■ Appellant also argues that the contract relied on by appellees as a basis for their claim against the City was one which the City had no power to consummate and could not be the basis for a recovery on the theory of an implied contract to pay the reasonable value of benefits received. This contention cannot be sustained. Southwestern Lloyds v. City of Wheeler, 130 Tex. 492, 109 S.W.2d 739 (1937); West Audit Co. v. Yoakum, 35 S.W.2d 404 (Tex.Com.App.1931); Sluder v. City of San Antonio, 2 S.W.2d 841 (Tex.Com. App.1928); Collins v. City of Eldorado, 122 S.W.2d 690 (Tex.Civ.App.1938, writ ref.).

■ Even if appellees' cause of action is not barred by their failure to appeal from the special assessment, the trial court erred in entering judgment based on the equitable doctrine of implied promise. In Sluder v. City of San Antonio, supra, the court said: "* * * In other words, while such contracts are void, and no recovery is permitted thereon, our courts hold that common honesty and fair dealing require that a county or municipality should not be permitted to receive the benefit of money, property, or services, without paying just compensation therefor. * * *" In this case since the matter of just compensation for the improvements constructed presumably was considered by

the City Council in determining the amount of the special assessment, equity does not require further compensation.

The judgment of the trial court is reversed and judgment is here rendered that appellees take nothing by their plea for set-off and that the City of Alvin recover the sum of $2,600.00 plus $1,405.00 attorney's fees.

Reversed and rendered.